[L. A. No. 1109. Department One.—September 12, 1903.]

W. H. HOLMES, Appellant, v. FRED HOPPE, Respondent.

ACTION FOR GOODS SOLD—ORDER GRANTING NEW TRIAL—SUFFICIENCY OF SPECIFICATIONS—SETTLEMENT.—In an action for goods sold, where defendant moved for a new trial, specifications of the insufficiency of the evidence to justify the decision that no settlement was made between the defendant and the agent of plaintiff's assignor, and that at the time of the assignment there was a balance due, are sufficient to support an order granting a new trial, where there was evidence from which the court might have concluded that there was such a settlement upon which it was determined that nothing was due.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

J. Brousseau, for Appellant.

J. H. Krimminger, for Respondent.

SHAW, J.—This is an action against the defendant on an account for goods sold and delivered. There was a trial by the court, after which findings were filed and judgment given for the plaintiff. Thereupon the defendant moved the court for a new trial, the motion was granted, and from the order granting the new trial the plaintiff appeals.

The principal contention of the plaintiff is, that the specifications of particulars wherein the evidence is insufficient to sustain the decision of the court are too general to sanction a review of the evidence upon the motion. We are of the opinion that the specifications are sufficient. There are fifteen specifications in all, and they point out with considerable detail the particular facts which it is claimed are not proven. For instance, one of them specifies that the evidence is insufficient to justify the decision that no settlement was made between the defendant and the agent of the plaintiff's assignor; another that the evidence was not sufficient to justify the decision that before the assignment to the plaintiff there was

due from the defendant to the assignor the sum of $1,258, which was the amount included in the judgment; another that it was not sufficient to justify the decision that at the time of the assignment there was a balance due on the account from the assignor to the defendant. These specifications were clearly sufficient, even under the strictest decision on the subject that has ever been made. The present rule is much more liberal than that formerly prevailing. (*American etc. Co.* v. *Packer,* 130 Cal. 461; *Stuart* v. *Lord,* 138 Cal. 672.)

It is claimed that, even if the specifications are sufficient, the evidence is so clear in favor of the plaintiff that the order granting the new trial cannot be sustained. We have examined the evidence, and it is plain to our minds that there was evidence from which the court might have concluded that there was a settlement between the Pabst Brewing Company, the original creditor, and the defendant, as to the greater part of the claim sued on, upon which settlement it was determined that there was nothing due to the company. This justifies the order granting the new trial.

The order is affirmed.

Van Dyke, J., and Angellotti, J., concurred.