[Civ. No. 208.   First Appellate District.—July 23, 1906.]

## HENRY AHLERS, Respondent, v. MINNIE E. BARRETT, Appellant.

UNLAWFUL DETAINER—ENTIRE INSUFFICIENCY OF EVIDENCE.—In an ac-
tion of unlawful detainer, where the plaintiff wholly failed to prove
any title or right of possession in himself, and showed no lease
or relation of landlord and tenant between himself and the de-
fendant, or that defendant was unlawfully in possession or has failed
to pay rent, the evidence is wholly insufficient to justify a decision
for plaintiff for the recovery of rent and treble rent, and of the
possession of the premises.

ID.—SUFFICIENCY OF SPECIFICATIONS—NO EVIDENCE.—Where there is no
evidence to justify findings for the plaintiff, specifications setting
forth as to each finding that there is no evidence to support it are
sufficient. It is not necessary to point out the particulars wherein
*no evidence* is insufficient to sustain a finding.

ID.—NOTICE TO PLAINTIFF OF CLAIM OF INSUFFICIENCY—LIBERALITY OF
RULE.—Specifications as to insufficiency of evidence which clearly
call the attention of the plaintiff to the fact that defendant in-
tended to claim that the evidence was insufficient as to the material
findings are in the nature of a notice to the plaintiff, which must
be regarded with liberality, under the liberal rule for the sufficiency
of specifications now followed here.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order deny-
ing a new trial.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

George A. Clough, for Appellant.

George H. Perry, and Frank McGowan, for Respondent.

COOPER, J.—Appeal from judgment and order denying defendant's motion for a new trial.

The complaint alleges that about September 1, 1902, Eleanor Sudden and others by verbal lease let to defendant the premises known and designated as 103 Eighth street, in the city and county of San Francisco, up to, but not including, the first day of May, 1903, at the monthly rent of $25 per month, payable monthly; that defendant entered under the lease, and ever since has continued to hold and occupy the premises; that defendant holds over and continues in possession without the permission of plaintiff and contrary to the terms of the lease; that plaintiff, on the thirtieth day of September, 1903, notified the defendant in writing that the tenancy of said premises would expire November 1, 1903, but that defendant continued to hold possession notwithstanding demand in writing was made by plaintiff for the possession of the same; that more than three days has elapsed since said demand, and defendant has ever since failed and neglected to deliver up to plaintiff the possession of the said premises; that the monthly rents and profits of the premises is the sum of $25. That about the first day of May, 1903, the said Eleanor Sudden and others leased the said premises to plaintiff by a written lease for the term of three years from date, under and by virtue of which plaintiff became and still is entitled to the possession of the said premises.

There is no allegation in the complaint that the defendant has ever failed to pay the rent.

Although it is alleged in the complaint that the verbal lease to defendant expired May 1, 1903, it is also alleged that the plaintiff notified defendant that her tenancy would expire November 1, 1903.

The defendant in her answer denies the material allegations of the complaint; denies that on the first day of May or at any other time the said Eleanor Sudden and others executed or delivered to plaintiff any lease of said premises for a term of three years or for any term; denies that by virtue of any written lease the plaintiff is or ever has been entitled

to the possession of the said premises; denies that the term for which the premises were leased to her has expired; and alleges affirmatively that she entered into possession of the premises under a written lease from said Eleanor Sudden and others, which lease is still in force and effect, and under which she is still entitled to the possession of the premises.

The pleadings were verified.

The court found that all the allegations of the answer are untrue. That the amount of rent due from defendant to plaintiff at the time the action was commenced was $150, and that the amount that had accrued after the action was commenced was the sum of $300, which said latter sum should be trebled. Judgment was accordingly entered for plaintiff for the possession of the premises and for $1,050 and costs of suit.

Defendant claims that the evidence is insufficient to support the findings, and the claim must be sustained. The only evidence offered in behalf of plaintiff was his own testimony to the effect that he knows the defendant, and that she lives on the premises described. The defendant testified that she was occupying the premises, and had been so occupying them since 1900. That a paper shown to her was the contract under which she went into possession of the premises.

This is all the evidence in the case. The plaintiff showed no title or right of possession in himself. He showed no lease between himself and defendant, or anything to show that the relation of landlord and tenant ever existed between them. He did not attempt to prove that defendant was wrongfully occupying the premises, or that she had made default in the payment of rent. When defendant offered in evidence the writing under which she went into possession the plaintiff objected to it, and the court sustained the objection. We are at a loss to comprehend the theory upon which the plaintiff submitted the case, or upon which the court made the findings.

Plaintiff contends that the evidence cannot be considered here because the specifications of insufficiency are not sufficient in law. The specifications are sufficient under the liberal rule now followed here. The first one states that there is no evidence to sustain or tending to prove the allegations of the plaintiff's complaint, which allegations the court found to be true. If there is no evidence that is about all that

could be said about it. It is not necessary to point out the respects wherein *no evidence* is insufficient to sustain a finding.

It is specified that "the evidence is insufficient to justify or support the decision, and particularly finding 4, for the reason that there was no evidence produced at the trial to prove, or tending to prove, that at the time of the commencement of the action there was due from defendant to plaintiff for rent of the premises described in the amended complaint, the sum of one hundred and fifty dollars, or any other sum."

It is further specified that "the evidence is insufficient to justify or support the decision, and particularly finding 5, for the reason that there was no evidence offered at the trial proving or tending to prove that there is now due or owing plaintiff from defendant for rent of the premises described in the amended complaint, in addition to the sum named in finding 4, the sum of three hundred dollars, or any other sum."

There are ten specifications in all, and they certainly called the attention of the plaintiff to the fact that defendant intended to claim that the evidence was insufficient as to the material findings. They were in the nature of a notice to plaintiff which must be regarded with liberality (*American Type etc. Co.* v. *Packer,* 130 Cal. 459, [62 Pac. 744]; *Standard Quicksilver Co.* v. *Habishaw,* 132 Cal. 124, [64 Pac. 113]; *Swift* v. *Occidental Min. etc. Co.,* 141 Cal. 168, [74 Pac. 700]; *Bell* v. *Stack,* 141 Cal. 186, [74 Pac. 774]).

The judgment and order are reversed.

Harrison, P. J., and Hall, J., concurred.