[Civ. No. 687. Third Appellate District.—June 23, 1910.]

EMIL A. EIDINGER, Appellant, v. JOSEPH A. SIGWART, Executor of the Will of AUGUST EIDINGER, Deceased, Respondent.

ORDER GRANTING NEW TRIAL—GROUNDS OF MOTION—GENERAL ORDER—REVIEW UPON APPEAL.—Where the notice of motion for a new trial specified as the grounds of the motion insufficiency of the evidence to justify the verdict, that the verdict is against law, and errors of law occurring at the trial and excepted to by the defendant, and the order granting the new trial was general, if the court could reasonably, in the exercise of a sound discretion, have granted the motion on any one of the grounds assigned, the order granting the new trial will not be disturbed upon appeal.

ID.—SPECIFICATIONS OF INSUFFICIENCY OF EVIDENCE.—Though specifications of insufficiency of the evidence should preferably be in the negative form, yet the substance of the specifications is to be considered rather than the form; and it is sufficient that it is readily ascertainable from the specification wherein the moving party claims that the evidence is insufficient to justify the verdict; and

this is all that should be required in a bill of exceptions or statement on motion for a new trial, where the insufficiency of the evidence to justify the verdict is one of the grounds of the motion.

Id.—Complaint upon Quantum Meruit — Proof of Express Contract—Nonsuit Denied—Excessive Recovery.—Where the complaint was based upon a *quantum meruit,* and the proof disclosed that the services were based solely upon an express contract, and not only was a nonsuit denied for the variance, but the verdict was at the rate of five dollars a day on the implied contract, while the express contract was limited to three dollars per day, the court might properly grant a new trial for insufficiency of the evidence to justify the verdict.

Id.—Recovery Limited to Cause of Action Pleaded.—The plaintiff must recover, if at all, upon the cause of action set out in his complaint, and not upon some other which may be developed in the proof.

Id.—Variance Clearly Shown.—That there was a variance between the implied contract declared upon and the express contract proved, there is no ground for possible doubt.

Id.—Question as to Nonsuit Undetermined.—Whether, in view of the fact that there was evidence in the record from which the conclusion might reasonably follow that the alleged services were reasonably worth the sum of three dollars per day, the variance might be held to be fatal or of such vital importance as to have entitled the defendant to a favorable ruling on the motion for a nonsuit, need not be determined.

Id.—Fact of Variance to be Considered With Other Testimony—Ground for New Trial.—The fact of the variance, however, whether sufficient to have warranted the granting of the motion for nonsuit or not, when considered with other testimony, possesses some importance in determining whether the court abused its discretion in its order granting a new trial upon the ground of insufficiency of the evidence to justify the verdict, and presumably from the record that was one of the grounds, if not the principal ground, upon which the new trial was granted.

Id.—Questions Reflecting upon Right of Recovery.—In connection with other questions reflecting upon plaintiff's right of recovery, it is further asked, if plaintiff was employed under an express contract, why did he present a claim to the executor based on an implied contract for greater compensation than that agreed upon and plead the latter in his action against the estate? It is held that all of the questions suggested would naturally present themselves to the trial judge in the consideration and decision of the motion for a new trial.

Id.—Evidence Justifying New Trial.—It is held that, in any event, the evidence appearing in the record is such that this court cannot say that the trial court abused its discretion in granting a new trial.

ID.—DISCRETION OF TRIAL COURT AS TO NEW TRIAL ORDER—INSUFFICIENCY OF EVIDENCE—CONFLICT.—The granting or denial of a new trial on the ground of insufficiency of the evidence to justify the order, where there is a substantial conflict in the evidence, rests so largely in the discretion of the trial court that its action is conclusive upon the appellant, unless it appears that there has been an abuse of discretion.

ID.—DUTY OF TRIAL COURT.—When the evidence is conflicting, the trial court is authorized to review it, and if, in its opinion, the verdict is against the weight of the evidence, it is its duty to grant a new trial.

APPEAL from an order of the Superior Court of El Dorado County granting a new trial. N. D. Arnot, Judge.

The facts are stated in the opinion of the court.

William F. Bray, Francis J. Heney, and Charles W. Cobb, for Appellant.

Abe Darlington, for Respondent.

HART, J.—This is an appeal from the order granting the defendant a new trial.

The action was for the recovery of compensation for alleged personal services rendered by the plaintiff for the defendant's intestate during the lifetime of the latter.

The complaint alleges, and the evidence shows, that the deceased, in the month of December, 1905, was stricken with paralysis, and that he continued to suffer from that malady until the date of his death, on the twenty-ninth day of July, 1908. It is averred that the plaintiff, "at the special instance and request of the deceased," performed "work, labor and services in nursing, tending and waiting upon" deceased from the time he was taken ill until his death; "that said labor, work and services so performed in nursing, tending and waiting upon said August Eidinger were and are reasonably worth the sum of five dollars per day for each and every day thereof; and that seven hundred and thirty days of said labor, work and services were performed and rendered to the said August Eidinger within two years next preceding the commencement of this action."

Plaintiff presented his claim in due form to the executor of the will of the deceased, and the same was by said executor rejected and disallowed. The cause was tried by a jury and verdict returned in favor of the plaintiff in the sum of $1,825.

Immediately after the return and recordation of the verdict, and on the same day, judgment was entered in favor of plaintiff for the amount awarded by the jury.

Within due time, the defendant moved for a new trial on the grounds that the evidence was insufficient to justify the verdict, that said verdict is against law, and "errors in law occurring at the trial and excepted to by said defendant."

As stated, the court granted this motion.

From the evidence, it appears that the deceased, who was a widower and without a family, resided at Placerville, in El Dorado county, where he owned several pieces of real estate. Plaintiff was a nephew of the deceased, and the testimony shows that a couple of years prior to the time the deceased was stricken with paralysis, the plaintiff's mother, Mrs. Wilhelmina Eidinger, also a sister in law of deceased, and her daughter, came to his home and took up their residence with him; that Mrs. Eidinger "kept the house" for the deceased from that time until his death; that the deceased, a few months before he was stricken with paralysis, gave to Mrs. Wilhelmina Eidinger real estate and personal property of the aggregate value, approximately, of $5,000. Mrs. Eidinger testified that she and her daughter, Augusta, went to the house of the deceased in the year 1903 for the purpose of "keeping house" for him; that the deceased said that he would give his property "to whoever would come up and take care of him, and he carried out this proposition by giving me the deed." (By his will the deceased also gave to her onefourth of all the estate of which he was seised at the time of his death.) Mrs. Eidinger further testified that she and her daughter and the wife of the plaintiff "helped to take care of deceased and were very faithful; . . . that their efforts were all combined to care for the deceased."

Upon the question of the employment of plaintiff by the deceased, Mrs. Eidinger testified that her daughter, at the request of the deceased, "wrote to plaintiff offering him $2.50 per day to come up and take care of him; that plaintiff replied that he could not come right away; that deceased then

dictated another letter to him, offering him three dollars per day, and plaintiff replied that he would come right away, and he did come on December 10, 1905; that the other nurse, Mr. Hirsch, stayed only four days after the arrival of plaintiff."

The plaintiff testified that the deceased, during his lifetime, paid him (plaintiff) the sum of three dollars, which amount constituted all that he had received on his claim for services rendered the deceased. On cross-examination, he admitted that he expected, "when I found out I was not going to get any pay," that he would be provided for or compensated for his services in the will of deceased, but that, having been entirely overlooked by the deceased in his will, he therefore presented his claim against the estate.

There was some other testimony introduced by plaintiff showing that he performed certain services as a nurse for deceased. By cross-examination of some of plaintiff's witnesses, it was established that the deceased, during the several years of his illness, maintained and supported plaintiff and his wife, as well as his mother, Wilhelmina Eidinger, and his sister, Miss Augusta Eidinger. It was also shown through the testimony of Mrs. Minnie Eidinger, wife of plaintiff, that the bills paid by the deceased for the maintenance of his household, during the period of his sickness, amounted to something over $3,000, said money having been received by him during that period from time to time from various sources of income available to him.

For the defense, the witness, Maginness, who was then engaged in the business of buying and selling grain, testified that the plaintiff worked for him "off and on for about a year during 1907 and 1908 at unloading cars, and that he unloaded from one to three cars a week, taking two and a half or three hours to unload a car. Sometimes he got a car a week and sometimes two or three; in the fall he had as high as three in one week, generally about one or two; the average being about one car a week with occasionally an increase."

Joseph A. Sigwart, executor of the will of the deceased, testified that he had known the deceased for thirty-five years, and that his acquaintance with him was intimate; that plaintiff never had talked to him about his claim, nor asked him

(witness) about it; but that he did hear plaintiff say, after the death of the testator, that "he had something coming to him," but that plaintiff never came to the office of the witness to talk about or discuss any claim he might have against the estate. Sigwart testified that the deceased "was very punctual in the matter of paying his bills," and, without objection, further testified that, some six or eight months before he died, he asked deceased if he had money with which to pay his bills, to which deceased replied, "Yes, I got money." Witness then asked deceased if he had "paid everything"; he answered, "I pay everything as I go along."

The foregoing, which represents a fair synopsis of the testimony received at the trial, is a sufficient statement of the evidence for the purposes of the consideration and disposition of the questions involved in this appeal.

It will be observed that the plaintiff pleads and relies upon a *quantum meruit.* At the close of his case, the defendant moved for a nonsuit on the ground that there was a variance between the allegations of the complaint and the proof, in that, while the former, as stated, disclosed an implied contract, the latter established an express contract. This motion was denied. It does not appear from the record whether the trial court granted the motion for a new trial on one only of the several grounds set out in the notice of motion or upon all of them.

But where there is stated in the notice any one ground of several upon which the court could reasonably, in the exercise of a sound discretion, grant a new trial, the order will not be disturbed.

It is, however, preliminarily objected that "the specifications of insufficiency of the evidence in the bill of exceptions in this case are wholly improper and insufficient in form, and precluded the lower court from examining the evidence." There are but three specifications of the kind referred to, and they are not in the negative form, which is always to be preferred, but state that the plaintiff "has introduced evidence to prove," etc., and "that the testimony of the plaintiff himself shows," etc., and that the evidence "shows that August Eidinger contributed," etc.

The objection is addressed to form rather than substance. It is readily ascertainable from the specifications wherein the

moving party claims that the evidence is insufficient to justify the verdict, and this is all that should be required in this respect in a bill of exceptions or statement on motion for a new trial, where the insufficiency of the evidence to justify the verdict is one of the grounds of the motion. The opposing counsel could certainly have experienced no difficulty in determining what additional evidence, if there is any in the record upon the points to which the specifications refer, should be inserted in the statement. Speaking on this subject, the supreme court, in the case of *American Type etc. Co.* v. *Packer,* 130 Cal. 461, [62 Pac. 744], says: "If the specification is sufficient to enable the opposing counsel to determine what evidence should be put in the statement, and the judge to strike out redundant and useless matter, it is enough. The statute in this matter is not primarily for this court, but for the trial court. That court should not hear the motion unless the statement contains such specifications. Upon that subject, the trial judge, who tried the case, has a decided advantage over this court in determining whether the specifications are sufficient." It is further declared in that opinion that such a specification "is in the nature of a notice, the sufficiency of which should be tested by inquiring whether the opposite party is injured by defects. It is not even regarded with the strictness with which an error of the court must be. If error at all, it is committed by a party and in a manner in which great liberality should be exercised by courts. Whenever there is a reasonably successful effort to state 'the particulars,' and they are such as may have been sufficient to inform the opposing counsel and the court of the grounds, and the trial court has entertained and passed upon the motion, in my opinion this court ought not to refuse to consider the case on appeal."

In disposing of an objection similar to the one here, and referring to a number of cases cited by counsel in support of said objection, and particularly to the case of *De Molera* v. *Martin,* 120 Cal. 548, [52 Pac. 825], the supreme court, in *Drathman* v. *Cohen,* 139 Cal. 313, [73 Pac. 182], has this to say: "If the decision in that case were followed, perhaps the specifications here in question would be declared insufficient; but experience has proven that the rule there laid

13 Cal. App.—43

down was too strict, and that it has been productive of evil and not good. Perhaps some of the other cases cited may also tend to establish the same rule. But latterly the court has been more liberal in such matters, and the rule now followed is stated in *American etc. Co.* v. *Packer,* 130 Cal. 459, [62 Pac. 744].'' (See, also, on this question, *Stuart* v. *Lord,* 138 Cal. 672, [72 Pac. 142] ; *Holmes* v. *Hoppe,* 140 Cal. 212, [73 Pac. 1002] ; *Bell* v. *Staacke,* 141 Cal. 186, [74 Pac. 774] ; *Jones* v. *Goldtree Bros. Co.,* 142 Cal. 383, [77 Pac. 939] ; *Southern Pacific Co.* v. *Lipman,* 148 Cal. 480, [83 Pac. 445].)

It is but the statement of an elementary proposition to say that the plaintiff must recover, if at all, upon the cause of action set out in his complaint, and not upon some other which may be developed by the proof. (*Mondran* v. *Goux,* 51 Cal. 151; *Evans* v. *Bailey,* 66 Cal. 112, [4 Pac. 1089] ; *Reed* v. *Norton,* 99 Cal. 617, [34 Pac. 333] ; *Shenandoah etc. Co.* v. *Morgan,* 106 Cal. 409, [39 Pac. 802] ; *Elmore* v. *Elmore,* 114 Cal. 516, [46 Pac. 458] ; *Davis* v. *Pac. Tel. etc. Co.,* 127 Cal. 312, [57 Pac. 764, 59 Pac. 698] ; *Schirmer* v. *Drexler,* 134 Cal. 134, [66 Pac. 180].) That there is a clear technical variance between the contract declared upon and the one proved, there is no ground for possible doubt. The complaint, as seen, declares upon an implied contract or a *quantum meruit.* The only testimony in the record showing, or tending to show, a contract was that given by the plaintiff's mother, Mrs. Wilhelmina Eidinger, and her testimony shows that the deceased dictated a letter to plaintiff, agreeing to pay him at the rate of three dollars per day for his services as a nurse to wait upon and care for the deceased, and that plaintiff replied that ''he would come right away''; that plaintiff did, on December 10, 1905, go to the home of deceased and remained with and served him as a nurse until his death. It is thus to be observed that, if there was any contract at all, it was an express contract. The terms were fixed and definite. Deceased offered plaintiff a certain wage if he would ''come up and take care of him''—that is, take care of him *during his illness.*

But whether, in view of the fact that there is *some* testimony in the record from which the conclusion may reasonably follow that the alleged services of plaintiff were reasonably worth the sum of three dollars per day, this variance might

be held to be fatal, or of such vital and material importance as to have entitled the defendant to a favorable ruling on his motion for a nonsuit, is a matter which it is not necessary to decide here. The fact of the variance, however, whether sufficient to have warranted the granting of the motion for a nonsuit or not, when considered with certain other testimony, possesses some importance in the determination of the question whether the court below abused its discretion in its order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict, and, presumably, judging from the record before us, that was one of the grounds, if not the principal one, upon which the order was made.

That the trial court was justified in granting a new trial on said ground, we think appears reasonably clear even from the record here.

The plaintiff declared upon a *quantum meruit*. If the proof disclosed any contract at all, it was, as seen, an express contract. The plaintiff himself testified that he expected to be provided for in the will of the deceased—that is, giving his testimony a construction the most favorable to him, he expected his compensation to be attended to by the deceased in his will, but the matter having been thus neglected by the deceased, he presented his claim against the estate. The testimony shows that deceased was very punctual in the payment of his debts and the extinguishment of his obligations; that he had ample means at his command during his illness to pay all bills incurred in the maintenance of his household affairs; that he paid plaintiff the sum of three dollars only during the whole period of plaintiff's engagement with him; that plaintiff occasionally worked at other employment for another party; that deceased asked Mrs. Wilhelmina Eidinger, mother of plaintiff, to come to his home and "keep house" for and take care of him, and that "he would give his property to whoever would come up and take care of him," and that "he carried out this proposition by giving witness the deed," and, in addition, some personal property, and, besides, giving her by will one-fourth of the residue of his estate. This testimony, excluding from consideration the testimony of Sigwart, which, although going in without objection, might be regarded as incompetent because involving self-serving declarations, to the effect that deceased, just before his death, said to him

that he had paid all his bills—that he paid ''everything as I
go along''—is sufficient to inspire distrust in the justness of
plaintiff's claim or grave doubt whether the plaintiff was in
reality ever employed for any purpose by deceased. Why
did not deceased pay plaintiff more than the sum of three
dollars during the long period of his alleged service to de-
ceased? Why did plaintiff occasionally work for another
party during that period? Why, if he had an understanding
with deceased that he was to render services as a nurse, did
plaintiff expect that the payment of his compensation would
be postponed until after the death of deceased and said com-
pensation arranged for in the will of deceased? If deceased
employed plaintiff to take care of him, why did he also employ
plaintiff's mother to do like service, and promise to give her
in return all his property, and why did he give her the bulk
of it? If plaintiff was employed under an express contract
as to compensation, why did he present a claim to the executor
based upon an implied contract for greater compensation
than that agreed upon, and then plead the latter in his action
against the estate? These are questions which would natur-
ally suggest themselves, and which no doubt occurred to and
influenced the mind of the trial judge in the consideration and
decision of the motion for a new trial. In any event, the evi-
dence, as it appears before us, is such that we cannot say that
the trial court abused its discretion in granting the order for a
new trial.

''The granting or denying a new trial on the ground that
the evidence is insufficient to justify the verdict, where there
is a substantial conflict in the evidence,'' says the supreme
court, in *Domico* v. *Casassa,* 101 Cal. 413, [35 Pac. 1024],
''rests so fully in the discretion of the trial court, that its
action is conclusive upon this court, unless it appears that
there has been an abuse of discretion.''

In *Warner* v. *Thomas etc. Works,* 105 Cal. 411, [38 Pac.
960], it is likewise held that it is settled law in California that
a motion for a new trial on the ground of the insufficiency
of the evidence to justify the verdict is addressed to the sound
legal discretion of the trial court, with whose decision thereon
interference is unwarranted, unless there clearly appears an
abuse of such discretion. And it is further declared in that
opinion that, ''when the evidence is conflicting, the trial court

is authorized to review it, and if, in its opinion, the verdict is against the weight of evidence, it is its duty to grant a new trial.'' (See, also, *Bjorman* v. *Fort Bragg R. R. Co.*, 92 Cal. 500, [28 Pac. 591]; *Coler* v. *Wilcox*, 99 Cal. 549, [34 Pac. 114]; *Bledsoe* v. *De Crow*, 132 Cal. 312, [64 Pac. 397].)

The order is affirmed.

Burnett, J., and Chipman, P. J., concurred.