[Civ. No. 1284.   Third Appellate District.—March 15, 1915.]

# D. L. TAYLOR, Respondent, v. NORTHERN ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

ACTION FOR DAMAGES—PERSONAL INJURIES—NEGLIGENCE—NEW TRIAL —INADEQUATE DAMAGES.—It is well settled that, in an action for damages for personal injuries on the ground of negligence, the trial court, if of the opinion that, under the evidence, the amount awarded by the jury is not legally adequate or commensurate with the extent of the injuries received, may grant a new trial on motion of the plaintiff on the ground that the evidence does not justify the verdict.

ID.—CONFLICTING EVIDENCE—RULE ON APPEAL.—In such a case where there was a substantial conflict in the evidence upon the question of the amount of compensation which the plaintiff ought to receive for the injuries sustained by him, the established rule as to the conflict of evidence upon material issues is to be applied upon an appeal by the defendant from an order granting a new trial made on the motion of the plaintiff, the same as though the new trial had been granted on the behest of the defendant.

ID.—SPECIFICATION OF INSUFFICIENCY OF EVIDENCE—CONSTRUCTION OF RULE.—The rule requiring specifications of the insufficiency of evidence to justify the verdict, in such a case, has been given a very liberal construction and application, in order that cases on appeal may be heard on their merits and to promote justice; and if the specifications are sufficient to enable the opposing counsel to determine what evidence should be put in the statement, and the judge to strike out redundant and useless matter, it is enough. The statute in this matter is not primarily for the appellate court, but for the trial court. That court should not hear the motion unless the statement contains such specifications.

ID.—SUFFICIENCY OF SPECIFICATIONS OF INSUFFICIENCY OF EVIDENCE.— In an action for damages for injuries alleged to have been negligently caused by a railroad company by a car of the company leav-

ing its main track through the defectiveness of the switch and frogs on the track and permanently injuring plaintiff, the specifications of the insufficiency of the evidence to justify the verdict were sufficient, where they in substance stated that the evidence produced by the defendant upon the questions of the defectiveness of the switch, the extent and effect of plaintiff's injuries, whether the result thereof permanently or only temporarily incapacitated him, the amount he was compelled to expend for medical treatment, etc., was not sufficient to overcome the effect of the evidence produced by the plaintiff upon those points, and that the evidence as to the character and extent of the injuries sustained by the plaintiff did not justify the jury in awarding to him damages in no greater sum than five hundred dollars.

ID.—MOTION FOR A NEW TRIAL—SUFFICIENCY OF.—In such a case where the notice of intention to move for a new trial was duly filed and served, and at the time fixed for the hearing of the motion, the attorney for the plaintiff, while not making a formal motion, or, in so many words, moving for a new trial, read to the court the notice of intention which, as the statute requires, designated the grounds upon which he was entitled to rely to support his motion, this was sufficient to apprise the court of the grounds of the motion and was sufficient as a motion for a new trial.

APPEAL from an order of the Superior Court of Butte County granting a motion for a new trial. John C. Gray, Judge.

The facts are stated in the opinion of the court.

T. T. C. Gregory, W. H. Carlin, A. F. Jones, and Theodore W. Chester, for Appellant.

J. Oscar Goldstein, for Respondent.

HART, J.—This is an action for damages for personal injuries. The cause was tried by a jury, who returned a verdict in favor of the plaintiff in the sum of five hundred dollars.

Dissatisfied with the verdict, the plaintiff applied for a new trial, which was granted. This appeal is prosecuted by the defendant from the order granting a new trial.

The accident resulting in the injuries to the plaintiff occurred in the city of Chico, at about the hour of 12 o'clock, on the night of December 24, 1910.

The defendant, at the time of the accident, was operating a line of railway extending from the city of Chico to the city

of Sacramento, said line passing through the first named city over and along a street therein which is designated and known as "Main Street."

The complaint in substance alleges: That, on the night above mentioned, the defendant's train left its depot at the corner of Main and First streets, in said city of Chico; that the train was started and run through Main Street at a rapid and dangerous rate of speed; that the switch and frogs on the track and the valve of the air brake were defective, which defectiveness was due to the negligence of the officers, agents, and employees of the defendant; that, as plaintiff was in the act of crossing Fifth Street from the Plaza, in said city, and after he had crossed the railway track, the rear truck of the rear car of said train left the main line and took the street railway track down Fifth Street; that the plaintiff was struck, bruised, and wounded by the car, which had left the main line, and "was seriously, dangerously, and permanently injured and will so remain the rest of his life; that the injury consists of injury to his spine, and since said time he has been unable to use his left leg; that the same is now paralyzed and he is compelled to go on crutches, and will ever remain a permanent cripple." It is further alleged that the defectiveness of the switch and frogs on the defendant's track at the time and place that the plaintiff received the injuries complained of was known, or, by the exercise of ordinary diligence, could have been known to the defendant through its officers, agents, and employees in charge of said track.

Among the grounds of the motion for a new trial designated in the motion of intention are: Insufficiency of the evidence to justify the verdict and errors in law occurring at the trial and excepted to by the plaintiff, the motion being made on the minutes of the court, supported by a statement of the case.

The points made by the defendant for a reversal of the order appealed from are: 1. That the specifications of the insufficiency of the evidence to justify the verdict are insufficient; 2. That the plaintiff made no motion for a new trial.

Of course, it is well settled that, in an action for damages for personal injuries, a trial court, if of the opinion that, under the evidence, the amount awarded by the jury is not legally adequate or commensurate with the extent of the injuries received, may grant a new trial on the motion of the plaintiff on the ground that the evidence does not justify the verdict. And

there being in this case a substantial conflict in the evidence upon the question of the amount of compensation which the plaintiff ought to receive for the injuries sustained by him, the established rule as to the conflict of evidence upon material issues is to be applied here the same as though the new trial had been granted on the behest of the defendant.

Obviously, the sole reason moving the plaintiff to ask for a new trial was that the damages awarded him by the jury were inadequate under the evidence, and we think that the specifications, while inartificially expressed, sufficiently point to the particular respects in which it is claimed that the evidence warranted a verdict in a larger sum than that returned by the jury.

The rule requiring such specifications (Code Civ. Proc., sec. 659) has been given a very liberal construction and application in this state in recent years. The idea is that it should be given a liberal rather than a strict construction in order that cases on appeal may be heard on their merits and to promote justice. And so it has been said that "if the specification is sufficient to enable the opposing counsel to determine what evidence should be put in the statement, and the judge to strike out redundant and useless matter, it is enough. The statute in this matter is not primarily for this court, but for the trial court. That court should not hear the motion unless the statement contains such specifications. Upon that subject, the trial judge, who tried the case, has a decided advantage over this court in determining whether the specifications are sufficient. . . . It is in the nature of a notice, the sufficiency of which should be tested by inquiring whether the opposite party is injured by defects. It is not even to be regarded with the strictness with which an error of the court must be. If error at all, it is committed by a party and in a matter in which great liberality should be exercised by courts. Whenever there is a reasonably successful effort to state 'the particulars,' and they are such as may have been sufficient to inform opposing counsel and the court of the grounds, and the trial court has entertained and passed upon the motion, in my opinion this court ought not to refuse to consider the case on appeal." (*American Type etc. Co.* v. *Packer,* 130 Cal. 459, [62 Pac. 744]; see, also, *Harris* v. *Duarte,* 141 Cal. 497, [70 Pac. 298, 75 Pac. 58]; *Jones* v. *Goldtree Bros. & Co.,* 142 Cal.

383, [77 Pac. 939]; *Southern Pacific Co.* v. *Lipman,* 148 Cal. 480, [83 Pac. 445].)

The specifications objected to here in substance state that the evidence produced by the defendant upon the questions of the defectiveness of the switch, the extent and effect of the plaintiff's injuries, whether the result thereof was to permanently or only temporarily incapacitate him, and the amount of money he was compelled to expend for medical treatment, etc., was not sufficient to overcome the effect of the evidence produced by the plaintiff upon those points, and that the evidence as to the character and extent of the injuries sustained by the plaintiff did not justify the jury in awarding to him damages in no greater sum than five hundred dollars. Thus the *particulars* in which the plaintiff claims that the verdict, so far as the amount of the damages allowed thereby was concerned, was not justified by the evidence, were plainly pointed out and sufficiently so to enable the defendant to have inserted in the statement, if it could, evidence of which it might reasonably be said that the jury could reasonably and justly have concluded that the sum of five hundred dollars constituted fair and reasonable compensatory relief, and that the verdict was, therefore, justified. Besides, the witnesses who testified for the plaintiff upon the points mentioned are referred to in the specifications by name and this was sufficient to inform the defendant and the court of the particular testimony which it was claimed showed that in the particulars referred to the evidence did not justify the verdict, and thus counsel for the defendant were given sufficient information to enable them to present in the statement any evidence which might rebut the specifications or show that they were not well founded. The form of the specifications is not to be commended, but we cannot say that the defendant was in any degree injured or suffered any disadvantage by the defects in the form in which the specifications are set forth. As was said in *American Type etc. Co.* v. *Packer,* 130 Cal. 459, [62 Pac. 744], the trial judge, who tried the case, had a decided advantage over this court in determining whether the specifications were sufficient for the purposes for which they are required.

There is no substantial merit to the point that the plaintiff did not make a motion for a new trial.

26 Cal. App.—49

The notice of intention to move for a new trial was duly filed and served, and at the time fixed for the hearing of the motion, the attorney for the plaintiff, while not making a formal motion, or, in so many words, moving for a new trial, read to the court the notice of intention which, as the statute requires, designated the grounds upon which he intended to rely to support his motion. This was sufficient to apprise the court of the grounds of the motion. A formal motion could have accomplished no more. Indeed, it is difficult to perceive how it may reasonably be held that the reading to the court of a notice of intention to move for a new trial may not itself be said to constitute a formal motion. In effect, such a proceeding is in no respect lacking in the essentials of a formal motion. The notice of intention is a notice that the moving party proposes to apply to the trial court for a trial *de novo.* The reading of the notice to the court, at the time fixed for the hearing of the motion, cannot well be interpreted to mean anything but a proposal to execute the intention expressed in that notice.

The matter which is of primary importance, so far as the making of the motion is concerned, is to inform the court to which the motion is addressed of the grounds thereof, and the manner in which the moving party may convey such information to the court is a matter of minor importance. Of course, "he must, in some way," as the proposition is expressed in *Williams* v. *Hawley,* 144 Cal. 97, 100, [77 Pac. 762], "inform the court what are the grounds of the motion, but this may be done as well by reference to some paper on file in the action, in which the grounds are stated, as by word of mouth," and when this is done court and counsel well know that the purpose of it is to carry out the intention expressed in the notice. This is all that should be required.

This disposes of all the objections urged upon this appeal against the legality of the action of the trial court in granting the plaintiff a new trial, and the order appealed from is, for the reasons herein given, affirmed.

Chipman, P. J., and Burnett, J., concurred.