[Civ. No. 521.   Fourth Appellate District.—February 6, 1932.]

C. N. SENTNEY et al., Respondents, v. C. E. HEIDINGS-FELDER, Appellant.

C. E. Heidingsfelder, *in pro. per.*, and D. Chase Rich for Appellant.

Meserve, Mumper, Hughes & Robertson and Timon E. Owens for Respondents.

LAMBERT, J., *pro tem.*—Plaintiffs and respondents C. N. Sentney and Bertha A. Sentney brought this action against the defendants C. E. Heidingsfelder and Olive Heidingsfelder, his wife, to foreclose a mortgage in the sum of $15,000, given to secure the performance of the covenants of a lease. However, the amended complaint on which the case went to trial also contained allegations regarding, and sufficient to support a judgment on a contract, to be hereinafter mentioned. The matters pleaded were set forth as one cause of action. The defendants demurred to the complaint generally and on grounds of uncertainty and also made a motion to strike it from the files. The demurrer was overruled and the motion to strike denied. Defendants then filed an answer in which they denied the contract set out in the complaint, claimed the mortgage to be void, and pleaded an agreement dated May 23, 1927, and a quitclaim deed and release of all liability under the lease. Defendants also filed a cross-complaint in which was a prayer for $30,000 damages and the cancellation of a certain promissory note in the sum of $2,500. Apparently no evidence was introduced in support of the damage item as no

findings were made concerning it, and neither the appellant nor the respondents mention it in their briefs except the appellant states that the court failed to find on the issue of the cancellation of the note. The court made findings of fact and conclusions of law canceling the mortgage, but gave judgment against appellant C. E. Heidingsfelder for $9,229.07, the amount alleged in the complaint and shown by the amendment to conform to the proof, and found by the court to be due by reason of the breach of the covenants in the lease. The items making up this amount were rent, repairs, taxes and assessments. The judgment, in addition to canceling the mortgage, decreed "that all the rights and obligations of the parties thereto, other than the payment of the money by defendant C. E. Heidingsfelder as herein ordered, be and are hereby canceled and discharged."

The transactions leading up to the suit were briefly as follows: The respondent C. N. Sentney as lessor, and appellant as lessee, entered into a 99-year lease covering certain real property at the corner of Hollywood Boulevard and Western Avenue, Los Angeles. The lease was dated August 28, 1924, and provided among other things that as liquidated damages, upon default by the lessee, he was to pay $15,000 to the lessors. To secure this payment the appellant and his wife executed a mortgage in the sum of $15,000 upon property owned by them. On December 8, 1926, the mortgaged property was sold to one Conway and his wife under an agreement that the vendor would remove the $15,000 mortgage within a designated time. The appellant kept the covenants of this lease until December 15, 1926, after which time no further rent was paid by appellant. A controversy and difficulties having arisen between the parties on April 15, 1927, C. N. Sentney and appellant entered into an agreement (exhibit C to the amended complaint), which will be discussed hereafter. On May 23, 1927, respondents and appellant and his wife signed what was designated "cancellation of lease" (exhibit A to answer), and also on May 25, 1927, the appellant and his wife executed a quitclaim deed to the leased property (exhibit B to answer). The appeal is taken by C. E. Heidingsfelder, no judgment having been given against Olive Heidingsfelder, his wife, pursuant to the alternative method and upon a typewritten record.

Appellant makes fifteen assignments of error as reasons for reversal of the judgment. The only points argued to this court are first, that the amended complaint states no cause of action, and second, that the agreement of May 23, 1927, released him from all liability on account of the lease. The other assignments of error, while not argued by appellant, will be disposed of by us. Appellant's argument as to the amended complaint consists of the statement that it contains only a group of alleged conclusions without probative facts and amounts to a nullity. No authority is cited in support of this statement. The amended complaint alleged the facts as to the lease and the breaches thereof in detail and attached to it and made a part thereof were exhibit A, the mortgage, and exhibit B, the lease. It also alleged the force and effect of the agreement of April 15, 1927, which was also attached as exhibit C, and made a part of the complaint.

As to the items flowing from the breach of the lease, if appellant desired a more complete statement, he should have demanded a bill of particulars (sec. 454, Code Civ. Proc.). We think the complaint was sufficient as against the grounds assigned in the demurrer (sec. 452, Code Civ. Proc.). Consequently, there was no prejudicial error in the ruling on the demurrer and motion to strike.

Before we come to the pivotal point in the case one other assignment of error may be mentioned, namely, that there is a fatal variance between the pleadings and the proof in this, that the complaint is for the foreclosure of a mortgage which the court held to be invalid and that the proof shows the items of damages allowed were for breach of covenants in the lease. Of course, if the defendant was personally liable, the fact that the mortgage security could not be impressed with a lien would not prohibit a personal judgment against appellant (*Powell* v. *Patison*, 100 Cal. 236 [34 Pac. 677]; *Security Loan & Trust Co.* v. *Kauffman*, 108 Cal. 214 [41 Pac. 467]).

It is elementary, as contended by appellant, that a plaintiff must recover upon the cause of action alleged in the complaint and not upon what is shown by the proofs, unless an amendment is allowed to conform to the proofs in a proper case (*Eidinger* v. *Sigwart*, 13 Cal. App. 667, 674 [110 Pac. 521]). However, because the mortgage was not decreed to be foreclosed, would not thereby deprive the

plaintiffs of any relief. In *Zellner* v. *Wassman*, 184 Cal. 80, at 88 [193 Pac. 84, 87], it is said:

"It is not essential that a complaint state a cause of action for the relief which plaintiff seeks, provided the facts stated show some right of recovery, and a party cannot be thrown out of court merely because he may have misconceived the form of relief to which he is entitled."

We think the proof was well within the issues made by the pleadings.

A determination of appellant's contention under the second point argued in his brief, namely, that he was released by the so-called "cancellation of lease" will dispose of all the other points raised by appellant except one to be noticed later. The "Cancellation of Lease" was in the words and figures following:

"Cancellation of Lease.

"This memorandum of agreement, made and entered into this 25th day of May, 1927, by and between C. N. Sentney and Bertha A. Sentney, husband and wife, and C. E. Heidingsfelder and Olive Heidingsfelder, husband and wife, witnesses:

"That whereas, on the 28th day of August, 1924, said C. N. Sentney and Bertha A. Sentney, as lessors, and C. E. Heidingsfelder, as lessee, made and entered into an indenture of lease in and with respect to the particular property described as follows:

"East 60 feet of Lot Thirty-five (35) of the Hollywood Terrace Tract of the city and county of Los Angeles, State of California, as per map recorded in Book 3, page 98, Miscellaneous Records of said county; which lease was recorded on the 29th day of August, 1924, in Book 4221, at page 69, Official Records of Los Angeles County; and

"Whereas, it is the intention of the parties hereto to terminate and cancel said lease and all rights and obligations of the parties therein, and said parties having agreed and consented thereto.

"Now, therefore, in consideration of the premises aforesaid, the parties do hereby contract and agree that that certain indenture of lease herein identified and described, with respect to the property particularly described herein, is hereby cancelled and terminated and at an end and of no further force and effect."

This agreement, standing alone, would probably have the effect contended for by appellant (sec. 1541, Civ. Code), but we think it must be read in connection with the agreement of April 15, 1927. (Civ. Code, sec. 1642.) This agreement recited the fact that differences had arisen between the parties as lessors and lessee and that it was the intention of the agreement to contract for a settlement of any disputes heretofore existing between them. It was in two parts. The first part provided that the lessee (appellant) should have the right or option, on or before 12 o'clock noon of May 15, 1927, to convert the $15,000 mortgage given to the lessors as security, into cash, and when it was so converted and the lessor was notified, that he would produce $10,000 and the two sums would be deposited in the joint account and in the names of the parties to the agreement, in a bank in Hollywood, California, and be used for the purpose of remodeling the building. It also provided for the lessee (appellant) to pay at that time, all unpaid rentals, taxes and assessments, with interest and penalties, and his proportion of accrued attorneys' fees. It further provided that in case the money was put up that the rent in the lease would be raised from $1,000 per month to $1,100 per month, to commence on May 15, 1927. It further provided that if this scheme went through then the lessor would accept the remodeled building as full security for the performance of the terms of the lease and that no other security need be given, and also that the lessee (appellant) would have the right, up to March 1, 1928, to purchase the property for the sum of $185,000 and it provided that all other clauses, terms, covenants and conditions of the lease, except as herein modified, and then only modified in the event of the full performance of the agreement, should remain in full force and effect. The second part of the agreement was in the words and figures following:

"Second. (a). Provided second party as lessee does not elect to avail himself of the conditions contained in paragraph first of this agreement on or before the time in said paragraph stated, then and in that event said second party as lessee in said lease herein agrees to thereupon forfeit and waive any and all further interests in and to said fifteen thousand dollar ($15,000) mortgage security, and herein agrees to pay to said lessor said fifteen thousand dollars ($15,000) absolutely, and not as security, and to

give to said first party as lessor in said lease, in addition, second party's promissory note in the amount of two thousand five hundred dollars ($2,500), due on or before two (2) years from the date hereof, bearing interest at the rate of seven per cent. (7%) per annum, payable quarterly, said note payable to first party or order, and to bear interest from May 15, 1927, said note referred to herein to be delivered contemporaneously with the execution of this agreement, conditioned, however, that shall second party elect to proceed in accordance with the terms and conditions of paragraph first of this agreement, then upon the performance thereof, first party as lessor will thereupon return to said second party said note cancelled. Otherwise, said note to be retained by said first party, together with said fifteen thousand dollars ($15,000), as full settlement of any and all liability of second party to first party under the terms of said lease for any amounts due, unpaid or owing, and as full release, discharge and acquittance under said lease.

"(b). The election to proceed under the within paragraph and the payment of said fifteen thousand dollars ($15,000), and the delivery of said note to be the consideration passing from second party to first party for the complete release of all obligations under said lease, and all obligations of first party to second party for any liabilities thereunder, said lease to be cancelled and terminated.

"(c). Second party further agrees that in the event it shall be necessary to bring suit to enforce payment under the terms of the said security of fifteen thousand dollars ($15,000), as in said lease provided, said second party will, as the maker of said mortgage security, all as in said lease identified, waive service of summons, confess judgment, waive time and notice of sale, equity of redemption, and any and all other acts shall be required or necessary to in any wise facilitate or hasten the collection of said security collateral. That said second party will at said time, in addition, deliver to first party all proper and necessary releases, quitclaim deeds or conveyances necessary or proper to clear any clouds or records of the lien of said lease, it being the particular understanding, however, that said second party shall be to no expense in the matter beyond

the payment of the fifteen thousand dollars ($15,000) and the giving of the promissory note herein provided.

"(d). That at the instance and request of said second party as lessee in said lease, the said lease is to be by the parties herein considered to remain in full force and effect, under the terms thereof, up to and including 12:00 o'clock noon on the 15th day of May, 1927, for the purposes of this agreement and not otherwise. In the event that second party shall fail to perform either of the covenants or conditions contained in the first or second paragraph hereof, then in that event any and all defaults heretofore made, taken or noticed, by first party to second party, shall be as valid for all purposes of said lease as if no stay had been given as herein provided.

"(e). That without in any wise affecting the rights of the parties hereto, and without in any manner deemed to be an admission or acceptance of cancellation, surrender or mutual rescission, first party shall be permitted to pay at his election all due and past due taxes and assessments, with penalties, against said property, costs of legal improvements, if any, and otherwise protect the said property, without in any wise, as herein stated, affecting first party's rights or position as lessor under the terms of said lease referred to."

It is admitted that nothing was done by appellant or respondents under the first part of the contract, so that appellant's liabilities were fixed by the second part just quoted. It will be seen from the contract quoted that the appellant agreed absolutely that if he did not elect to comply with the terms of the first part of the agreement and gave up the lease, he would surrender all rights to the mortgage, pay respondent $15,000, and give him a promissory note in the sum of $2,500 for a full acquittance of all obligations arising out of the lease, and further agreed to execute all documents necessary to clear the title to the property. This "cancellation of lease" of May 25, 1927, we conclude was only in fulfillment of this express agreement. The "cancellation of lease" released appellant from the obligations of the lease but not from the obligations of the contract just mentioned. Also the fact that the court evidently construed this agreement as one of indemnity only and gave judgment for the amount actually due by reason of the

breach of the lease instead of $15,000 as agreed in the contract in compromise of the controversy, was in nowise prejudicial to appellant and was in fact greatly to his benefit.

Finally, as to the assignment of error in that the court failed to find on the question of the cancellation of the $2,500 note described in the agreement of April 15, 1927, neither appellant nor respondent argue this point in the briefs, the appellant merely assigning it as error. While the court made no specific finding on this issue, we think the implied findings cover it and that by the general findings and judgment in the case the note is canceled.

In view of what has been said we find no prejudicial error in the record. The evidence supports the findings; the findings support the conclusions of law and the pleadings support the judgment.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.