[No. 15033.   Department One.—May 3, 1894.]

# E. T. B. MILLS, APPELLANT, *v.* THE OREGON RAILWAY AND NAVIGATION COMPANY, RESPONDENT.

APPEAL—REVIEW OF ORDER GRANTING NEW TRIAL—SPECIFICATION OF GROUNDS.—Where the superior court, in granting a motion for a new trial, specifies the grounds on which the motion is granted, if one of the grounds specified is the insufficiency of the evidence, the conclusion of the trial court upon that question will not be disturbed; and the fact that the court specifies other grounds upon which the motion was made as a reason for making the order does not change the established rule authorizing the trial court to grant a new trial, if, in its opinion, the evidence before the jury was insufficient to justify the verdict; and its discretion in granting it upon that ground is not subject to review in the supreme court, unless it is made to appear that its action was arbitrary rather than discretionary, or was made in a case where no opportunity was presented for the exercise of discretion.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial.

The facts are stated in the opinion of the court.

*Pillsbury & Blanding, John H. Dickinson,* and *P. L. Benjamin,* for Appellant.

*Aylett R. Cotton,* for Respondent.

HARRISON, J.—The plaintiff brought this action to recover damages from the defendant for failure to transport certain wheat from eastern Oregon to San Francisco. The complaint is in two counts—the first alleging that in July, 1885, the defendant made a contract in writing with the plaintiff, whereby it undertook and promised him to transport quickly and promptly from any point on its line east of the Cascade mountains to San Francisco all such quantities of wheat as he might thereafter deliver to it, and to deliver the same quickly and promptly to him at San Francisco; that in pursuance of said contract the plaintiff delivered to the defendant 8,326 tons of wheat to be transported to San Francisco, and that the defendant

willfully delayed the transportation of the wheat, so that it did not arrive at San Francisco until more than three months after it could have arrived there, and that by reason thereof the plaintiff was damaged in the sum of $35,000. The second count of the complaint sets forth the same contract, and alleges that in reliance thereon the plaintiff tendered to the defendant in Oregon for transportation to San Francisco 9,000 tons of wheat which the defendant refused to accept or to transport, and that by reason of such refusal the plaintiff suffered damage in the further sum of $35,000. The cause was tried by a jury, which rendered a verdict in favor of the plaintiff for the sum of $40,000. The defendant moved for a new trial upon various grounds; among others, errors in law occurring at the trial, and excepted to by the defendant, and that the evidence was insufficient to justify the verdict; and in the bill of exceptions thereafter settled specified various errors of law, and also certain particulars, in which the evidence was insufficient to justify the verdict. The court granted the motion for a new trial, and made its order in the following terms: "In this action the motion for a new trial having been heretofore submitted to the court for consideration and decision, and now the court being fully advised in the premises, it is ordered that said motion be, and the same is hereby, granted upon the following grounds: 1. That the evidence introduced on behalf of plaintiff on the trial of this action fails to establish the contract sued upon by plaintiff; 2. That the court erred in the said trial in admitting evidence of admissions made by defendant's agent Muir, when conversing with plaintiff's agent Cavanagh; and 3. That the evidence on behalf of plaintiff failed to sustain the second count." From this order the plaintiff has appealed.

The effect of limiting in the order the grounds upon which a new trial was granted was discussed by this court in Kauffman v. Maier, 94 Cal. 269, where the court limited its order to a single error of law, and made no

mention of the sufficiency of the evidence to justify
the verdict, and in *People* v. *Flood, ante,* p. 330, where
the motion for a new trial was made upon various
grounds, and the order granting the new trial was gen-
eral in its terms, in which we held that as the court did
not exclude this ground, we were justified in holding
that this was one of the grounds upon which it made
the order.   In the present case, however, the court has
expressly specified in its order the insufficiency of evi-
dence as one of the grounds upon which it grants a new
trial.   If this had been the sole ground upon which the
motion for a new trial had been asked, and the order
had been made in general terms, or if the motion had
been made upon all of the statutory grounds, and the
order had specified insufficiency of evidence as the sole
ground upon which it was made, under the well-estab-
lished rule we should be compelled to accept the conclu-
sion of the trial court as definitive of this question.
This rule is not changed by reason of the fact that the
court specifies in its order, in addition to this ground,
one or more of the other grounds upon which the mo-
tion was made, as a reason for making the order.   The
statute has authorized the trial court to grant a new
trial if, in its opinion, the evidence before the jury was
insufficient to justify its verdict.   For this purpose that
court has a revisory power over the action of the jury,
and, in the exercise of that power, is intrusted with a
large discretion.   The judge, before whom the trial was
had, has heard all the evidence in the case, has seen the
witnesses, has noted the conduct of the trial on behalf
of the respective parties, and observed the attention and
capacity of the several jurors during the trial, and if, in
his opinion, the verdict of the jury is inconsistent with
the evidence before it, it is his duty to set it aside and
grant a new trial.   This discretion which he is called
upon to exercise under the sanction of his judicial posi-
tion is not subject to review in this court, and, when-
ever exercised, is to be regarded as final, unless it is
made to appear that his action was arbitrary, rather

than discretionary, or was made in a case where no opportunity was presented for the exercise of discretion. (*Domico* v. *Casassa,* 101 Cal. 411.)

Counsel for the appellant urges that the several grounds upon which the court granted the new trial in the present case are resolvable into one, and all depend upon the second one named in the order; that if the evidence thought by the court to have been erroneously admitted was properly before the jury, the court would have deemed it sufficient to justify the verdict. We cannot, however, assent to this proposition. Not only would such a construction of the order be in violation of its own terms, but if the court had intended this result, it would naturally have limited its order to the error in admitting the evidence, and expressed itself satisfied that the evidence as it stood in the case was sufficient to justify the verdict. The statement in the order that the evidence "introduced on behalf of plaintiff on the trial" fails to establish the contract sued upon by plaintiff, necessarily imports *all* the evidence introduced by the plaintiff, as well that of the admissions referred to in the second ground named in the order as the other evidence introduced on his behalf, while the third ground given in the order refers to all the evidence on behalf of the plaintiff in support of the second count—the contract, the breach, and the damage sustained therefrom.

It only remains to consider whether there was any opportunity for the court to exercise a discretion in reviewing the action of the jury, for, if there was any conflict of evidence, or, if the facts upon which the verdict rested were undisputed, the court could not be called upon to exercise such discretion. Whether there was a contract between the plaintiff and the defendant was one of the main issues in the case, and the plaintiff sought to show the existence of this contract, not only by documentary evidence, but also by oral testimony, and by proof of the conduct of the respective parties in reference thereto, as well as by evidence of admissions

made on behalf of the defendant.    These were matters which in a peculiar way called for the exercise of judgment, and required a proper consideration of the weight and importance to be given to the several species of evidence brought out at the trial.    It would not be proper for us to indicate any opinion in reference thereto, but it is sufficient to call attention to the fact that they were before the jury, and that they were proper to be considered by the court upon the motion for a new trial, and also that they are of such a character as to present a case suitable for the exercise of the judicial discretion of the court in its re-examination of the verdict, and of the sufficiency of the evidence for its support.

The court does not in its order specify the particular evidence of the admissions of Muir which it deems to have been erroneously admitted, and as counsel for respondent maintains that none of these admissions could be received, while appellant's counsel contends that, even if a portion of the evidence was subject to objection, the defendant did not at the trial make its objection to this evidence in such form as to justify its exclusion, we do not deem it necessary to review the entire evidence and the several rulings of the court thereon.    Upon another trial the parties will be able to present their evidence in such form and under such objections as will enable the court in its rulings to preserve their respective rights.

The order is affirmed.

GAROUTTE, J., and PATERSON, J., concurred.

Hearing in Bank denied.