[No. 15266.    Department One.—January 3, 1895.]

SETH WARNER, APPELLANT, *v.* THE F. THOMAS PARISIAN DYEING AND CLEANING WORKS, RESPONDENT.

NEW TRIAL—INSUFFICIENCY OF EVIDENCE—DISCRETION.—A motion for a new trial, on the ground of the insufficiency of the evidence to justify the verdict or other decision, is addressed to the sound legal discretion of the trial court, and its action in granting the motion will not be disturbed on appeal, unless it appears that there was a clear abuse of such discretion.

ID.—CONFLICTING EVIDENCE—DUTY OF TRIAL COURT.—When the evidence is conflicting the trial court is authorized to review it on motion for a new trial; and if, in its opinion, the verdict is against the weight of the evidence, it is its duty to grant a new trial.

ID.—INDEPENDENT CAUSES OF ACTION — ENTIRE VERDICT. — Where the verdict is for an entire sum without any mention of separate items, the fact that it covers two independent causes of action, on one of which the plaintiff is entitled to recover, does not make it erroneous to set the whole verdict aside, on the ground of the insufficiency of the evidence to sustain the other cause of action.

ID.—CORRECTION OF SETTLED STATEMENT—INSERTION OF EXHIBITS.—After a statement upon a motion for a new trial has been settled by the judge and filed with the clerk the court may, on motion of the moving party, vacate the settlement and allowance of the statement, and allow it to be re-engrossed, so as to include exhibits referred to therein which had not been engrossed at length.

ID.—DISCRETION OF COURT—NEGLIGENCE OF ATTORNEY—VACATING CERTIFICATE OF SETTLEMENT—POWER OF COURT.—Whether the omission properly to engross the exhibits before the statement was settled and filed was the result of inadvertence or carelessness on the part of the attorney of the party moving for a new trial, such omission does not deprive the court of discretion to vacate a certificate of settlement, and direct that the exhibits be properly inserted, so that the certificate may conform to the facts; and, for the purpose of determining what exhibits were in reality referred to in the statement, the court is authorized to make such investigation as may enable it to settle the statement according to the facts.

Id.—RIGHTS OF LITIGANTS—OBJECT OF RULES OF PROCEDURE.—Courts of justice are organized for the purpose of determining the controversies between litigants according to their respective rights; and rules of procedure are intended to facilitate this purpose, rather than to hamper or obstruct the action of the court in determining which of the parties is entitled to a judgment.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial

The facts are stated in the opinion of the court.

*Horace W. Philbrook,* for Appellant.

An order granting a new trial should be reversed if granted upon a statement unlawfully made. (Hayne on New Trial and Appeal, sec. 146; Code Civ. Proc., secs. 659–61.) The statement of the case was unlawfully made. (*People* v. *Romero,* 18 Cal. 92; Code Civ. Proc., sec. 659, subd. 3.) The court was not authorized to vacate the settlement of the first statement, and allow and settle an amended one. (Code Civ. Proc., sec. 473.) As the statement contains no specification of the insufficiency of the evidence it must be presumed that the verdict was in all particulars fully sustained by the evidence, and the "statement shall be disregarded." (Code Civ. Proc., sec. 659, subd. 3; *Moulton* v. *Parks,* 64 Cal. 168; *Grossini* v. *Perazzo,* 66 Cal. 545.)

*Reinstein & Eisner,* for Respondent.

Every presumption will be indulged in favor of the proper exercise by the court below of its judicial discretion in granting a new trial on the ground of the insufficiency of the evidence to support the decision. (*Crooks* v. *Miller,* 89 Cal. 35.) The granting of a motion for a new trial where the evidence is conflicting is in the discretion of the court below, and will not be disturbed on appeal. (*Bjorman* v. *Fort Bragg Redwood Co.,* 92 Cal. 500; *Nally* v. *McDonald,* 77 Cal. 284; *Breckenridge* v. *Crocker,* 68 Cal. 403; *Pico* v. *Cohn,* 67 Cal. 258; *Gerold* v. *Brunswick etc.,* 67 Cal. 124.)

The COURT.—The complaint in this case contains two separate causes of action, and judgment is asked for the aggregate sum of thirteen hundred and twenty-one dollars. The case was tried before a jury, and the plaintiff recovered a verdict for the sum prayed for, on which judgment was entered. The defendant moved for a new trial upon the ground, among others, of the insufficiency of the evidence to justify the verdict, and the court granted the motion upon that ground, as shown by its opinion found in the transcript, and in which the evidence is very thoroughly reviewed. The plaintiff appeals from the order thus made.

The rule is settled in this state that a motion for new trial on the ground of the insufficiency of the evidence to justify the verdict or other decision is addressed to the sound legal discretion of the trial court, and its action in granting the motion will not be disturbed on appeal, unless it appears that there was a clear abuse of such discretion. It is also settled law that, when the evidence is conflicting, the trial court is authorized to review it, and if, in its opinion, the verdict is against the weight of the evidence, it is its duty to grant a new trial. (*Bjorman* v. *Fort Bragg R. R. Co.*, 92 Cal. 500; *Domico* v. *Casassa*, 101 Cal. 411, and cases cited.)

Here there was a clear conflict in the evidence, and, as appears from the opinion filed, the court was of the opinion that the verdict was contrary to the weight of the evidence, and hence should be set aside. In all this no abuse of discretion appears.

It is claimed, however, that there are in the statement of the case no sufficient specifications of the insufficiency of the evidence, and hence that the court was not authorized to consider the statement or examine the evidence. We have carefully looked at the specifications, and, in our opinion, they are quite sufficient to meet the requirements of the statute.

It is also claimed that the verdict covered two inde-

pendent causes of action, and that as to one of those causes of action it is conceded to be right, and therefore it was error to set aside the entire verdict. But the second cause of action was for seventy-one dollars, and the verdict was for an entire sum without any mention of the separate items. It was not error, therefore, to set the whole verdict aside.

It is further claimed that the settlement of the statement by the court was a gross abuse of discretion, and therefore the statement should not be considered.

It appears that, after the statement of the case had been settled by the judge and filed with the clerk, it was brought to the notice of the court that the statement was incomplete, in that several exhibits referred to therein had not been engrossed at length, although it was recited in the statement that it contained all the material evidence taken at the trial of the action. The defendant's attorneys thereupon moved the court that the settlement and allowance of the statement be vacated, and that they be allowed to re-engross the same, and place these exhibits therein. This motion was resisted by the attorney for the plaintiff, but, after a hearing of the parties, was granted, and the plaintiff's attorney excepted to this action of the court.

We see no error in this proceeding. Courts of justice are organized for the purpose of determining the controversies between litigants according to their respective rights; and rules of procedure are intended to facilitate this purpose, rather than to hamper or obstruct the action of the court in determining which of the parties is entitled to a judgment. Section 659 of the Code of Civil Procedure makes it the duty of the judge in settling the statement to make it "truly represent the case, notwithstanding the assent of the parties to any inaccurate statement." If the judge shall become satisfied that a statement as settled by him does not truly represent the case he is authorized, and it is his duty, to make such corrections therein as will cause it to conform to the facts. In the present case the de-

fendant's attorney in preparing the proposed statement had included therein a reference to these exhibits, by inserting the words at the place where they were referred to—"here insert plaintiff's exhibit"—so that the plaintiff's attorney was not misled in preparing amendments thereto, and, when the attention of the judge was drawn to the fact that the exhibits had not been engrossed in the statement, he was authorized to vacate his certificate of settlement, and direct that they be engrossed therein so that his certificate might conform to the facts. Whether the omission to engross them was the result of inadvertence or carelessness on the part of the defendant's attorney did not deprive the court of a discretion to settle it correctly; and, for the purpose of determining what exhibits were in reality referred to in the statement, it was authorized to make such investigation as would enable it to settle the statement according to the facts.

There are no other points requiring special notice. The order is affirmed.