[Sac. No. 169.   Department One.—July 24, 1896.]

IN THE MATTER OF THE ESTATE OF URIAH MARTIN, DECEASED.   THOMAS F. MARTIN, APPELLANT, *v.* ELIZABETH MARTIN ET AL., RESPONDENTS.

ORDER GRANTING NEW TRIAL—DISCRETION—REVIEW UPON APPEAL—CON-
   FLICT OF EVIDENCE.—The superior court is authorized to grant a new
   trial if, in its opinion, the verdict is against the weight of evidence,
   although the evidence is conflicting; and, when one of the grounds of
   a motion for a new trial is insufficiency of the evidence, its action in
   granting a new trial is the exercise of a legal discretion, which will
   not be reviewed upon appeal, unless it is made to appear that its dis-
   cretion was abused.
ID.—SPECIFICATION OF GROUNDS OF ORDER—PRESUMPTION UPON APPEAL—
   GROUNDS OF MOTION.—The code does not require the court to specify
   the grounds which govern its action in granting or refusing a new
   trial; and its action in granting a new trial is to be reviewed upon the
   record upon which the order was made, and will be sustained if the
   matters contained in the record would, under any circumstances, au-
   thorize it to grant a new trial; and it will be presumed, on appeal, that
   it was granted for insufficiency of the evidence, where such ground was
   specified in the motion for new trial.

APPEAL from an order of the Superior Court of San Joaquin County granting a new trial.   ANSEL SMITH, Judge.

The facts are stated in the opinion of the court.

*James A. Louttit,* for Appellant.

A verdict will not be set aside unless clearly, palpably, decidedly, and strongly against the evidence. (*Nunes* v. *Carter,* L. R. 1 P. C. 342; *Tolman* v. *Race,* 36 Ill. 472; *State* v. *Elliott,* 15 Iowa, 72; *Erben* v. *Lorillard,* 23 Barb. 82; *Willis* v. *Willis,* 18 Ga. 13; *Page* v. *Carter,* 8 B. Mon. 192; *In re Carriger,* 104 Cal. 84; *Dickey* v. *Davis,* 39 Cal. 570; *Amsby* v. *Dickhouse,* 4 Cal. 103; *In re McDevitt,* 95 Cal. 17; *Grayson* v. *Commonwealth,* 6 Gratt. 712; *Drennen* v. *Brown,* 10 Ark. 138.)   The order of the lower court was its decision upon the motion, and it should have found the facts upon which its jurisdiction was based.   (*Gilman* v. *Contra Costa Co.,* 8 Cal.

57; 68 Am. Dec. 290; *Loring* v. *Illsley*, 1 Cal. 24; *McGuire* v. *Drew*, 83 Cal. 232; *Domico* v. *Casassa*, 101 Cal. 414.)

*Nicol & Orr, Nutter & De Vries*, and *James H. & J. E. Budd*, for Respondents.

A trial court, in granting a motion for new trial, is not required to state in writing the grounds of its decision. (*Borkheim* v. *Fireman's Fund Ins. Co.*, 38 Cal. 506.) The order will be affirmed where the record shows that the motion was made on several grounds, if it could have been made for any one of the reasons assigned, although the record does not show on which the court based its action. (*Curtiss* v. *Starr and Company*, 85 Cal. 376; *Weddle* v. *Stark*, 10 Cal. 302; *Oullahan* v. *Starbuck*, 21 Cal. 414; *Altschul* v. *Doyle*, 48 Cal. 536; *Pierce* v. *Schaden*, 55 Cal. 407; *Blum* v. *Sunol*, 63 Cal. 342.) Where the evidence is conflicting, the trial court is authorized to review it, and if, in its opinion, the verdict is against the weight of the evidence, it is not only within its power, but it is its duty, to grant a new trial. (*Bates* v. *Howard*, 105 Cal. 173; *Bjorman* v. *Fort Bragg R. Co.*, 92 Cal. 500; *Domico* v. *Casassa*, 101 Cal. 411; *Warner* v. *Thomas etc. Works*, 105 Cal. 411; *Oullahan* v. *Starbuck*, 2 Cal. 414; *Dickey* v. *Davis*, 39 Cal. 569; *Sherman* v. *Mitchell*, 46 Cal. 580; *Jones* v. *Sanders*, 103 Cal. 678.)

THE COURT.—Within one year after the last will of the decedent had been admitted to probate, the appellant filed his petition for the revocation of the probate. Upon issues made by the answer of the respondents the cause was tried before a jury, who found upon certain special issues submitted to them in accordance with the petition, and thereupon the court made its order revoking the probate. Respondents thereupon moved for a new trial, which was granted, and the petitioner has appealed from the order. One of the grounds upon which the motion was made is the insufficiency of the evidence to justify the verdict, and the motion was heard upon a statement of the case, in which the evi-

dence is set out at length. The order of the court is in general terms granting a new trial, without specifying the grounds of its action, and, in support of the order, we may assume that it was made upon the ground of such insufficiency of evidence.

The code does not require the court to specify the grounds which govern its action in granting or refusing a new trial, and, even when such provision was contained in the statute, it was held to be merely directory. (*Borkheim* v. *Fireman's Fund Ins. Co.*, 38 Cal. 505.) Its action is to be reviewed upon the record on which the order was made, and will be sustained if the matters contained in that record would, under any circumstances, authorize it to grant a new trial. (*Kauffman* v. *Maier*, 94 Cal. 269.)

Counsel for appellant has discussed at length the right of the trial court to disregard the verdict of a jury upon a conflict of evidence, and has cited many decisions from other states in support of the proposition that such right does not exist, unless the verdict is plainly contrary to the weight of evidence. But the rule in this state is too firmly established to admit of discussion that the superior court is authorized to grant a new trial if, in its opinion, the verdict is against the weight of the evidence. Its action in so doing is the exercise of a legal discretion which has been confided to it, and, like the exercise of any other legal discretion, can be reviewed by this court only when it is made to appear that the discretion was abused. (*Domico* v. *Casassa*, 101 Cal. 411, and cases there cited.) It is sufficient to say that the record herein fails to show such abuse, or that the trial court acted otherwise than in the exercise of a legal discretion in its estimate of the testimony before the jury. As the case is to be again tried, it would not be proper for us to point out what may have been the grounds of its action, or to indicate our views of the testimony.

The order is affirmed.