[Civ. No. 254.   Third Appellate District.—November 21, 1906.]

## HENRY BOUCHARD, Appellant, v. JESSE ABRAHAM-SEN and WILLIAM ABRAHAMSEN, Respondents.

ORDER GRANTING NEW TRIAL—MINISTERIAL ACT OF CLERK—IMPROPER REFERENCE TO OPINION OF COURT.—The entry of an order granting a new trial, not signed by the judge, in the minutes of the court, is the mere ministerial act of the clerk, who has no power to limit the order to particular grounds, and cannot properly make the opinion of the court a part of the order by reciting in the minutes that the order was made in pursuance of its opinion on file.

ID.—OPINION NO PART OF ORDER OR OF RECORD—REVIEW UPON APPEAL. The opinion of the trial judge making the order is no part of the order itself, but is merely his reason for making it, and is not subject to review upon appeal. Though printed in the transcript, it is no part of the record on appeal, and cannot be considered by this court in any manner or for any purpose.

ID.—ERRONEOUS GROUND EXPRESSED—INSUFFICIENCY OF COMPLAINT—PRESUMPTIONS IN FAVOR OF ORDER—OTHER SUFFICIENT GROUNDS.—The erroneous ground stated in the opinion accompanying the order that the complaint is insufficient cannot justify a reversal of the order granting a new trial, where other sufficient grounds of new trial are stated in the motion, and it does not affirmatively appear that the order was not supported on such grounds. The appellant must show error affirmatively; and where the record does not show that the order was not made on sufficient grounds enumerated in the motion, every intendment and presumption must be indulged in favor of the order, and it must be affirmed.

APPEAL from an order of the Superior Court of Humboldt County granting a new trial. E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

J. F. Quinn, and L. F. Puter, for Appellant.

Gillett & Cutler, for Respondents.

McLAUGHLIN, J.—Ejectment. Judgment was entered in favor of the plaintiff, and the court, upon timely motion, made an order granting a new trial, from which order plaintiff appeals. The motion for a new trial was heard upon specified errors of law occurring during the course of the trial, and numerous specifications of particulars in which the evidence was insufficient to support the verdict. The order granting a new trial reads as follows: ''The court at this time filed an opinion herein in pursuance of which it is ordered that defendants' motion for a new trial herein be, and the same is hereby, granted.'' The lower court in the opinion referred to holds that the complaint stated no cause of action, and this was the only reason advanced therein for. granting the motion. Basing their contention on the reference to the opinion found in the order, the attorneys for appellant argue that the opinion must be construed as part of the order, constituting a limitation of the grounds upon which the order was made. We do not think this contention can be sustained. The judge did not sign the order, and the entry in the minutes was the mere ministerial act of the clerk, who certainly had no power to limit the order to particular grounds. But even if this were otherwise, ''The opinion of the judge in making the order is not a part of the order itself, but is merely his reason for making the order, and is not subject to judicial review.'' (*People* v. *Flood*, 102 Cal. 331, [36 Pac. 663].) Moreover, the opinion of the court although printed in the transcript, is no part of the record on appeal, and hence it cannot be considered by this court in any manner or for any purpose. (Code Civ. Proc., secs. 661, 952; Spelling on New Trial, etc., sec. 693; *Chabot* v. *Tucker*, 39 Cal. 434; *Davey* v. *Southern Pacific R. R.*, 116 Cal. 329, [48 Pac. 117].)

If, however, it be granted that the court below confined the reason for granting the motion to the specific and erroneous

ground mentioned in the opinion, reversal would not follow unless it appeared from the record before us that the order was not supported by grounds enumerated in the motion. (*Kaufman* v. *Maier*, 94 Cal. 269, [29 Pac. 481]; *Newman* v. *Lansing*, 141 Cal. 175, [74 Pac. 761]; *Davey* v. *Southern Pacific R. R. Co.*, 116 Cal. 330, [48 Pac. 117].) An appellant is charged with the duty of showing error affirmatively, and there is nothing in the record before us to show that the order assailed was not made on sufficient grounds enumerated in the motion.

Every intendment and presumption aids the action of the trial court, and applying this salutary rule the order appealed from is affirmed.

Buckles, J., and Chipman, P. J., concurred.