[Civ. No. 978.  First Appellate District.—December 28, 1911.]

## HARRIET McCARTHY, Respondent, v. ORRIE E. MORRIS, Appellant.

Lease—Action for Rent—Defense—Agreed Withholding to Reimburse Replacement of Worn-out Furnishings—Conflict of Evidence—New Trial.—Where, in an action for rent due under the terms of a lease, the defense was that plaintiff acquiesced in the right of the defendant to withhold the amount of the unpaid rental to reimburse the defendant's expenditures for replacement of worn-out furnishings, and there was a conflict of evidence as to such defense, and a verdict for defendant was set aside by the court on motion of the plaintiff for a new trial, it is held that defendant's contention upon appeal from the order that notwithstanding such conflict, and regardless of the terms of the lease, the verdict should be sustained because both parties acted upon the assumption that the landlord was to replace worn-out furnishings, was wholly untenable, in view of the conceded conflict of evidence on that question.

Id.—Appeal from Order Granting New Trial for Insufficiency of Evidence—Substantial Conflict—Discretion—Conclusiveness. It is the firmly fixed rule in this state that where there is a substantial conflict of evidence, an order of the trial court granting a new trial on the ground of the insufficiency of the evidence is conclusive upon the appellate court, in the absence of a showing that the action of the trial court was an abuse of discretion. This rule

applies whether the evidence is insufficient to sustain all or only a portion of the issues upon which the verdict rested.

ID.—RIGHT AND DUTY OF TRIAL COURT IN CASE OF SUBSTANTIAL CONFLICT—WEIGHT OF EVIDENCE.—Where there is a substantial conflict of evidence as to the main question involved, if, in the opinion of the trial court, the verdict was contrary to the weight of such evidence, it was the right and duty of that court to set it aside.

ID.—ABSENCE OF IMPLIED COVENANT OF LANDLORD—TERMS OF LEASE—EFFECT OF CODE PROVISIONS.—There is no implied covenant in the lease on the part of the landlord to supply new furnishings, where the terms of the lease required the lessee to maintain, to the best of her ability, "the upkeep of all furnishings during the life of the lease," and where the necessity for partially replacing the furnishings, linen and other incidentals arose from "deterioration," which was "the natural result of its use," which by the provisions of section 1955 of the Civil Code the lessor was not bound to repair, and when also, by the provision of section 1956 of that code, "a hirer of personal property must bear all such expenses concerning it as might naturally be foreseen to attend its use."

APPEAL from an order of the Superior Court of the City and County of San Francisco.   Geo. H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Homer W. Wood, for Appellant.

Percy E. Towne, for Respondent.

LENNON, P. J.—In the month of April, 1909, plaintiff and defendant entered into an agreement in writing, by which the defendant agreed to and did lease from the plaintiff, fully furnished, the property known as the "Hotel Victoria," in the city and county of San Francisco, for the term of five years.

In the month of May following the defendant went into possession of the leased property, and ever since has been in the use and occupation thereof as the tenant of plaintiff.

By the terms of the lease the defendant was required to maintain to the best of her ability the upkeep of all furnishings during the life of the lease.   The defendant became indebted to the plaintiff in the sum of $2,000 for rent for the month of April, 1910, but paid on account thereof only the sum of $1,300.75.   She refused to pay the balance of $699.25,

claiming the right under the terms of the lease, and the subsequent acquiescence of the plaintiff, to withhold the same as reimbursement for money to that amount expended by her in replenishing and replacing the original furnishings of the hotel which had become worn and unfit for use.

Plaintiff disputed the right of the defendant, under the terms of the lease or otherwise, to withhold any portion of the stipulated rent for the purpose of refurnishing, and brought this action to recover the unpaid balance of the rental referred to.

This was the only issue raised by the pleadings, and upon a trial of the case, with a jury, a verdict was had for the defendant.

Thereafter the trial court, upon motion of the plaintiff, granted a new trial. Insufficiency of the evidence to sustain the verdict and that the verdict was against law were the only grounds urged for a new trial.

The defendant, in support of her appeal from the order granting a new trial, asserts that the evidence is sufficient to sustain the verdict, notwithstanding the fact that it is conflicting and regardless of the terms of the lease, in this, that both parties acted upon the assumption that the landlord was to purchase new furniture whenever the necessity for the same arose.

The conceded conflict of evidence upon this phase of the case is fatal to the defendant's contention, under the firmly fixed rule in this state that where there is a substantial conflict of evidence, the granting of a new trial upon the ground of the insufficiency of the evidence is conclusive upon this court in the absence of a showing that the action of the trial court was an abuse of discretion.

This is so whether the evidence is insufficient to sustain all or only a portion of the issues upon which the verdict rested.

There was in the case at bar a substantial conflict in the evidence upon the phase of the case under discussion; and if in the opinion of the trial court the verdict was contrary to the weight of such evidence, it was the right and the duty of that court to set it aside. (*Domico* v. *Casassa,* 101 Cal. 413, [35 Pac. 1024] ; *Mills* v. *Oregon Railway & Nav. Co.,* 102 Cal. 357, [36 Pac. 772] ; *Warner* v. *Thomas Dyeing and Cleaning Works,* 105 Cal. 409, [38 Pac. 960] ; *In re Martin,* 113 Cal.

480, [45 Pac. 813] ; *Cutten* v. *Pearsall*, 146 Cal. 690, [81 Pac. 25].)

Equally untenable is the contention that the lease contained an implied covenant on the part of the landlord to supply new furnishings when needed, and that therefore mere proof of the execution of the lease was sufficient to support the verdict.

In support of this contention we are cited to sections 1955 and 1956 of the Civil Code. It is conceded that the necessity for partially replenishing and replacing the furniture, linen and other incidentals appurtenant to the operation and maintenance of the leased premises arose from deterioration, which was the natural and necessary result of every day use; and if section 1955 of the Civil Code, in the presence of that clause of the lease which placed the burden of upkeep upon the defendant, has any application to the facts of the case at bar, it weighs against the defendant, for it is therein provided "that one who lets personal property must . . . repair all deteriorations thereof not occasioned by the fault of the hirer and not the natural result of its use."

The record reveals the fact that the defendant for fifteen years previous to the execution of the lease had been engaged in the hotel business; but even without such previous experience she would, as a matter of course, be expected to foresee when she undertook the present lease that from time to time during its life she would be confronted with the necessity of repairing, replenishing and replacing the furnishings of the hotel, and, therefore, section 1956 of the Civil Code only adds to her dilemma, by providing that the "hirer must bear all expenses as might be naturally foreseen by him."

Upon a reading of the whole record we are unable to perceive any abuse of discretion on the part of the trial court in granting a new trial. The order appealed from is affirmed.

Kerrigan, J., and Hall, J., concurred.