[Civ. No. 1004.    Third Appellate District.—December 5, 1912.]

## SHEA–BOCQUERAZ COMPANY (a Corporation), Respondent, v. FERRIS HARTMAN, Appellant.

ACTION ON NOTE—JUDGMENT FOR DEFENDANT—GENERAL ORDER GRANTING NEW TRIAL — CONFLICTING EVIDENCE—INSUFFICIENCY OF EVIDENCE—DISCRETION.—In an action on a note where the judgment was for the defendant, and an order granting a new trial to the plaintiff was in general terms, and one of the grounds of the motion was insufficiency of· the evidence to justify the decision, and it appears that the evidence was conflicting, under the well settled rule, it was within the discretion of the court to grant a new trial on that ground.

ID.—APPEAL FROM ORDER — UNTENABLE CLAIM OF APPELLANT—NEW TRIAL FOR UNPAID INTEREST ON NOTE.—Upon an appeal from the order, it is held that there is nothing in the record that would justify the claim of the appellant that the new trial was granted merely to adjudicate unpaid interest on the note in suit. If it had been the intention of the trial court so to limit the order, it would undoubtedly have so made it to appear in the order granting the motion.

ID.—UNLIMITED ORDER—DUTY OF APPELLATE COURT.—The court not having limited its order in any way, this court is compelled to view it by the light of the settled rule in this state, and hold that if the order can be upheld upon any ground embodied in the notice of intention, it is the duty of the appellate court to sustain it.

APPEAL from an order of the Superior ourt of the City and County of San Francisco granting a new trial.    J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

J. W. Cochrane, for Appellant.

J. C. Meyerstein, and J. V. B. Fillipini, for Respondent.

HART, J.—This is an action by the plaintiff against the defendant on a promissory note for the sum of three thousand dollars.

The court awarded judgment to the defendant, and thereafter granted the plaintiff's motion for a new trial.

This appeal is by the defendant from the order granting a new trial.

It appears from the testimony that the plaintiff was a creditor of the Schroeder-Hartman Company, of which corporation, Hartman is a member. It likewise appears that the defendant and John D. Schroeder, also a member of the Schroeder-Hartman Company, made and delivered the note involved here jointly and severally as a personal obligation—that is to say, that said note constituted their individual obligation and not that of the corporation bearing their names and of which they were members. The note, which was dated July 25, 1906, and made payable "one day after date," was, as shown, for the sum of three thousand dollars, and the defendant had paid thereon the sum of one thousand dollars.

On the nineteenth day of March, 1910, a payment of two thousand dollars was made to the plaintiff by John D. Schroeder.

The plaintiff claims that the understanding was that the sum so paid was to be applied to and credited on its book account against the Schroeder-Hartman Company and not to be applied toward the extinguishment of said promissory note. Schroeder insists that he made said payment with the specific request and understanding that it be credited on the note and not on the book account of the plaintiff against the Schroeder-Hartman Company, and that, having expressed such desire to the plaintiff, when making such payment, he was entitled to have the money so paid applied accordingly. (Civ. Code, sec. 1479, subd. 1.)

It is not thought to be necessary to examine or reproduce here the testimony in detail, it being regarded as sufficient to say that Schroeder's testimony, as is true of the testimony of some other witnesses testifying in behalf of the defendant, harmonizes with and would sustain, if accepted by the trial court or a jury, his contention as to the circumstances of the transaction as above indicated, while, on the other hand, the testimony of the witness, O. E. Bozio, assistant secretary of the plaintiff, and by whom the transaction was conducted in behalf of the latter, was in direct contradiction to that presented by the defendant and, if believed, sufficient to support a finding in favor of the plaintiff's contention as to the circumstances of the transaction. In brief, this witness tes-

tified that, prior to the time at which the payment was made, he had a conversation with Schroeder in which the latter spoke of the proposed payment of the two thousand dollars and expressed the desire that it be applied on the note in preference to applying it to the book account against his corporation; that he (Bozio) then said that he preferred to place the money to the credit of the book or merchandise account. "I said," proceeded Bozio, "I didn't care to take the note up first and wanted the merchandise account settled first, on account of the fact that the note was a personal matter between him and Mr. Hartman, and I considered it much better security than the open account of the corporation that was virtually out of business. He said all right, if that was the way I felt about it it was all right, and after that he paid me the two thousand dollars. He didn't ask me for the note. I have it still."

There is, as will, of course, be noted, a conflict in the evidence, and, therefore, under the well-settled rule, it was within the discretion of the court to grant a new trial upon the ground of the insufficiency of the evidence to support the decision. (*Domico* v. *Cassasa,* 101 Cal. 413, [35 Pac. 1024]; *Mills* v. *Oregon Ry. & Navigation Co.,* 102 Cal. 357, [36 Pac. 772]; *Warner* v. *Thomas Dyeing & Cleaning Works,* 105 Cal. 409, [38 Pac. 960]; *In re Martin,* 113 Cal. 480 [45 Pac. 813]; *Cutten* v. *Pearsall,* 146 Cal. 690, [81 Pac. 25]; *McCarthy* v. *Morris,* 17 Cal. App. 723, [121 Pac. 696].)

But the point upon which the appellant solely relies for a reversal of the order is founded upon the claim that there was no necessity for a new trial, since, as is the contention, the motion for a new trial was granted for the single reason that the court, in and by its judgment, failed to take into account and allow interest which the evidence indisputably discloses had accrued upon the note at the rate of six per cent per annum from the first day of January, 1910, to the nineteenth day of March, 1910, the date of the payment of the two thousand dollars. Whether, were it true that the motion was granted merely to adjudicate the question as to the interest referred to, the condition of the findings is such as that that omission could have been supplied by a mere modification of the judgment or without a new trial upon said question, we need not express any opinion. It is very clear, however,

that there is nothing in the record which will justify us in adopting the appellant's conception of the scope of the order from which this appeal is prosecuted.

The notice of motion for a new trial stated that the motion would be made upon the following grounds: 1. Insufficiency of the evidence to justify the decision; 2. That the decision is against law; 3. Errors in law occurring at the trial and excepted to by said plaintiff.

In the specification of the particulars in which the plaintiff claimed that the evidence was insufficient to support the findings, it is charged that "the evidence is insufficient to sustain finding number 3, to wit: 'That it is not true that no part of said note has been paid except the sum of one thousand dollars' "; that "the evidence is insufficient to sustain finding 4, which is as follows: 'That it is not true that the sum of two thousand dollars with interest thereon from the 1st day of January, 1910, is wholly unpaid, but on the contrary, that said defendant has paid to plaintiff therein all the money due upon said promissory note, and all the money demanded in the complaint herein.' "

Thus the plaintiff challenged all the findings of the court essential to the support of the judgment and upon the exceptions thus registered against the findings and supported by the statement, the court made the order granting the new trial in general language or without in any manner or degree qualifying or restricting the scope thereof. In other words, it does not appear from the record that the order was based upon any one particular ground or because of any particular reason. And in this connection it may be remarked that had it been the intention of the trial court to limit the new trial to the single issue as to the interest which had accrued upon the note during the period mentioned, it would undoubtedly have made it to clearly so appear in its order granting the motion. The court not having limited in any way the effect of the order, this court is compelled to view it by the light of the settled rule in this state and hold that if it can be upheld upon any ground embodied in the notice of intention, it is the duty of an appellate court to sustain it. (*Kaufman* v. *Maier,* 94 Cal. 269, [18 L. R. A. 124, 29 Pac. 481]; *Newman* v. *Lassing,* 141 Cal. 175, [74 Pac. 761]; *Bouchard* v. *Abraham-*

*son,* 4 Cal. App. 430, [88 Pac. 383]; *Briggs* v. *Hall, ante,* p. 372, [129 Pac. 288].)

The order is affirmed.

Chipman, P. J., and Burnett, J., concurred.