[Civ. No. 1498.   Third Appellate District.—February 10, 1917.]

## PACIFIC GAS & ELECTRIC COMPANY (a Corporation), Appellant, v. J. L. ROLLINS et al., as Trustees, etc., Respondents.

NEW TRIAL—NOTICE OF INTENTION—STATEMENT OF GROUNDS OF MOTION.—The provision of section 659 of the Code of Civil Procedure that the party moving for a new trial must designate in his notice of intention the grounds upon which the motion will be made, obviously refers to the grounds upon which a new trial may be allowed as specified in section 657 of such code, and contemplates that the grounds designated shall go no further than to specify them in the notice of intention in the general language of the last-mentioned section.

ID.—INSUFFICIENCY OF EVIDENCE — SPECIFICATION OF PARTICULARS.—Where there is a reasonably successful effort to state the particulars of the insufficiency of the evidence, and the specifications are such as may have been sufficient to notify opposing counsel and the court of the grounds relied upon, the appellate court ought not to refuse to consider the case on appeal.

ID.—ORDER GRANTING NEW TRIAL—GENERAL TERMS—DUTY OF APPELLATE COURT.—Where the trial court in granting a motion for a new trial does not expressly limit the order granting the motion to any particular ground of those stated, it is the duty of the appellate court to sustain the order if it can be upheld upon any ground embodied in the notice of intention.

ID.—DETERMINATION OF MOTION FOR NEW TRIAL — INSUFFICIENCY OF EVIDENCE TO JUSTIFY VERDICT—DISCRETION—APPEAL.—The granting or denying a new trial on the ground that the evidence is insufficient to justify the verdict, where there is a substantial conflict in the evidence, rests so fully in the discretion of the trial court that its action is conclusive upon the appellate court unless there has been an abuse of discretion.

ID.—EMINENT DOMAIN—ORDER GRANTING NEW TRIAL—VALUE OF PROPERTY—CONFLICT OF EVIDENCE — PRESUMPTION ON APPEAL.—On an appeal from an order granting a new trial in an action in eminent domain, where there is a pronounced conflict in the evidence on the question of the value of the property sought to be condemned, the appellate court is authorized to presume, in support of the order, that one of the reasons allowing the motion was that the evidence was insufficient to support the verdict.

ID.—CONDEMNATION OF MINING PROPERTY—RIGHT OF WAY FOR CONVEYANCE OF WATER—VALUE—CONFLICT OF EVIDENCE—ORDER GRANT-

ING NEW TRIAL—DISCRETION.—In an action in eminent domain to condemn certain mining property for a right of way to convey water, where the witnesses for the defendant testified that the value of all the defendant's properties was from one hundred thousand dollars to one hundred and twenty-five thousand dollars, and the plaintiff's witnesses testified that the properties were valueless, for any purpose, an order granting a new trial on the ground of the insufficiency of the evidence to support the verdict fixing the value at four thousand dollars is not an abuse of discretion.

APPEAL from an order of the Superior Court of Placer County granting a new trial. J. E. Prewitt, Judge.

The facts are stated in the opinion of the court.

Wm. B. Bosley, Thos. J. Straub, and John M. Fulweiler, for Appellant.

C. W. Kitts, C. W. Cross, and A. C. Lowell, for Respondents.

HART, J.—This is an appeal from an order granting a new trial.

The action is in eminent domain to condemn a right of way for the conveyance of water. The plaintiff is engaged in the business of storing, selling, and distributing water, for power, mining, irrigating, domestic, and other purposes, and particularly for supplying counties, cities, and towns, etc., in the state of California, and the inhabitants thereof, with water for all of said purposes. To carry out these objects, it has constructed and now maintains and operates canals, reservoirs, dams, ditches, flumes, aqueducts, and all such other works, structures, machinery, and appliances necessary for the collection, storage, and distribution of water for the purposes mentioned. The plaintiff, it appears, was, at the time of the commencement of this proceeding, constructing a large storage reservoir in the county of Nevada, called "Lake Spaulding Reservoir," through which the South Yuba River flows, and owns the right to divert and appropriate from said river at said reservoir eleven thousand or more miner's inches of water, and has near the outlet of said reservoir constructed an aqueduct through which it proposes to conduct and convey approximately fourteen thousand miner's inches, and, as soon as the right to do so has been acquired, will dis-

charge the same into the channel of Bear River at the lower end of said aqueduct, thence through and along said channel of said Bear River to the plaintiff's diverting dam. The right of way adopted by the plaintiff for conveying said water to said diverting dam includes the channel of that portion of said Bear River which is included between the lower end of said aqueduct and said diverting dam, and particularly that portion of the channel of said river which crosses the defendants' tract of land, of which a specific description is given in the complaint. The property which the plaintiff herein seeks to condemn and appropriate to its purposes, above mentioned, is the right of way for conveying said water in and along that portion of the channel of the said Bear River which is included between the most northerly boundary line of defendants' said tract of land and the most southerly boundary thereof.

It appears from the complaint that the defendant, Erie Mining Company, had, prior to the commencement of this action, failed to pay the state license tax imposed upon it for the year 1905, as provided by law (Stats. 1905, p. 493), and as a consequence had forfeited its charter to the state on the fourteenth day of December, 1905. Hence, the action was brought against the directors of the defendant, Erie Mining Company, as trustees of the corporation and its stockholders and members (Stats. 1907, p. 746, amendatory of the act of 1905, Stats. 1905, pp. 493, 494.)

Upon the complaint, setting forth sufficient facts, and the denials of the answer, the cause was brought to issue and trial.

The jury found that the market value of the right of way sought to be condemned was the sum of four thousand dollars, and that the damages which will be sustained by the defendants on account of injury to the remainder of the tract of land owned by the defendants, and of which the land sought to be condemned is a part, by reason of the taking and the severing therefrom of the said right of way, would be one thousand dollars.

The court thereafter caused to be entered what is called in the record a "judgment."

Within due time, the defendants served and filed a notice of intention to move for a new trial upon the following grounds: 1. Insufficiency of the evidence to justify the verdict.

of the jury; 2. That the verdict was and is contrary to and against the evidence; 3. That the verdict is contrary to law; 4. Errors of law occurring at the trial and excepted to by defendants. The said notice stated that "said motion will be made upon a statement of the case," etc.

The statement on the said motion was within due time prepared and served, and on the fourteenth day of September, 1915, the court duly allowed and settled the same. On the eleventh day of October, 1915, the matter of the motion for a new trial on the statement as allowed and settled was called for hearing. At said time, the defendants presented a motion for the amendment of said statement and specification of errors so as to make it appear in the appropriate place therein that "No findings were made or filed by the court and that findings were not waived by defendants," and to add to the assignments of errors the following: "That the judgment herein entered is contrary to law in this: That the court did not file its findings of fact upon the issues presented in the case other than the issue of compensation, as required by law; that the final order or decree of condemnation herein entered is contrary to law in this: That the court did not file its findings of fact upon the issues presented in the case other than the issue of compensation, as required by law."

To said motion the plaintiff interposed an objection upon the ground, among others, that no notice of said motion to amend had been given as provided by section 473 of the Code of Civil Procedure. The motion was denied by the court without prejudice to the right of the defendants to renew the same, and, against the objection of the plaintiff to any further delay, the court continued the further hearing of the motion for a new trial until the eighteenth day of October, 1915.

On the thirteenth day of October, 1915, the defendants served upon the plaintiff their notice to amend the said statement in the manner and particulars above mentioned. Said notice was accompanied and supported by an affidavit.

Upon hearing said motion as so presented, the court allowed the same over a number of specifically enumerated objections by the plaintiff.

It is preliminarily objected by the appellant: 1. That the motion for a new trial as made did not set forth any grounds upon which the court could properly have granted the mo-

tion.    The argument in support of this proposition is that
"the grounds as stated in the motion were too general and
indefinite to enable the court to know wherein the evidence
was insufficient to justify the verdict; . . . that it was in-
cumbent upon respondents in making such motion to state
specifically the grounds of the motion or refer to some paper
on file wherein such grounds were specifically stated (cit-
ing *Williams* v. *Hawley,* 144 Cal. 97, [77 Pac. 762] ; Hayne
on New Trial and Appeal, sec. 164) ; that respondents did
not state specifically the grounds upon which they relied, nor
did they refer to any paper on file in the case wherein such
grounds were stated." 2. That the specification of the in-
sufficiency of the evidence to justify the verdict is insufficient,
in that it is too general, and fails to point out the particulars
in which the evidence does not justify the verdict.

As to the point first suggested: Section 657 of the Code of
Civil Procedure designates the grounds upon which a motion
for a new trial may be made. Among the grounds so speci-
fied is that of the insufficiency of the evidence to justify the
verdict or other decision. Section 659 provides that the
moving party must designate in his notice of intention to
move for a new trial the grounds upon which the motion will
be made. This latter provision obviously refers to the
grounds upon which a new trial may be allowed as specified
in section 657, and contemplates that the grounds designated
shall go no further than to specify them in the notice of inten-
tion in the general language of the last-mentioned section.
This is precisely what was done by the respondents in this
case. The statement as settled and allowed contains the
notice of intention, in which is set forth, as one of the grounds
of the motion, "insufficiency of the evidence to justify the
verdict," which is the exact language of subdivision 6 of said
section 657. The statement further contains the following
statement: "Thereupon the matter of motion for a new trial
being before the court, defendants made the following motion:
The defendants move the court for a new trial of this action
upon the grounds set forth in the notice of intention, to wit,"
following which is a statement of the grounds set forth in
the notice of intention.

The above motion was sufficient in all respects to meet the
requirements of the law where, as here, the motion is, as the
notice of intention here stated would be done, supported by a

statement of the case. There is nothing said in *Williams* v. *Hawley*, 144 Cal. 97, [77 Pac. 762], from which it may be implied that the court intended to hold or suggest that the motion as made here is not sufficient to warrant the trial court in considering and acting upon it. In that case the moving party, in making his motion, referred to the notice of intention theretofore served and filed, but, in making up the bill of exceptions prepared and settled for the support of his motion, failed to include therein said notice of intention. It was therefore very properly held that, not being a part of the record, although inserted in the transcript, the notice of intention could not be examined by the court for a statement of the grounds of the motion. The court in that case did say, however, that "it is not necessary for the appellant in making the motion to state the grounds at length. He must, in some way, inform the court what are the grounds of the motion, but this may be done as well by reference to some paper on file in the action, in which the grounds are stated, as by word of mouth." (See, also, *Taylor* v. *Northern Elec. Ry. Co.*, 26 Cal. App. 765, 770, [148 Pac. 543].)

The specification of the particulars in which the evidence is claimed to be insufficient to justify the verdict, so far as compensation or value is concerned, while perhaps not as specific as it might have been, is, nevertheless, sufficient. By said specification (after the statement that the verdict, so far as it involved a decision of the question of the value of the property sought to be condemned, is not justified by the evidence), attention is directed to the particular elements of value which constitute the basis upon which compensation of the defendants for the taking of their property should be fixed, each such element being mentioned, and it states in effect that the testimony bearing upon such elements does not justify the conclusion of the jury that the property involved was of no greater value than that fixed by the jury. This was sufficient to point the particular evidence thus referred to and the particulars in which it was claimed that it was not sufficient to justify the verdict. The plaintiff could have experienced no difficulty in determining from the specification the particular facts as to which it was thus stated that the evidence was not sufficient to justify the verdict upon the question of value, and this is all that is needful in specifications. Indeed, the plaintiff seems to have perceived and understood the particulars to

which the specification referred, as the statement contains a fairly complete statement of the testimony addressed to the several elements of value.

The rule respecting and requiring specifications of particulars, etc., is now much more liberally viewed and applied than in our earlier juridical history. Formerly, the rule was very strict, and even a mere informal statement in such specifications might, and often did, operate to bring about a·refusal by the courts to consider the points thus attempted to be pointed out. Many decisions have been from time to time made upon the subject, and finally the supreme court, in *American Type Founders Co.* v. *Packer*, 130 Cal. 459, [62 Pac. 744], held that "whenever there is a reasonably successful effort to state the particulars, and they are such as may have been sufficient to inform the opposing counsel and the court of the grounds . . . this court ought not to refuse to consider the case on appeal." (See, also, *Drathman* v. *Cohen*, 139 Cal. 310, [73 Pac. 181]; 1 Hayne on New Trial and Appeal, Rev. ed., p. 755.)

Taking up now a consideration of the merits of this appeal, we first remark that there seems to be much force in the point made by the appellant that the document purporting to be and characterized in the record as the "judgment" (the preliminary or interlocutory judgment) not only constituted such a judgment, without which, manifestly, the court.would have no authority or jurisdiction to make the final order of condemnation, but also embraces findings of all the essential facts and conclusions of law. But, assuming this to be true, we need not, in view of the conclusion arrived at herein upon another consideration presented here, stop to inquire whether the document referred to might legally stand for the findings, conclusions of law, and judgment, or whether on an appeal involving the merits of the controversy, the cause would be reversed for the sole and single reason that the findings of fact and conclusions of law are not separately stated, as required by section 633 of the Code of Civil Procedure, which is expressly made applicable to proceedings in condemnation by section 1256 of said code. It might be that the provisions of section 4½ of article VI of the constitution would apply in such case. But, as stated, it is not necessary to consider this proposition. We think the cause may be disposed of on another ground.

It has been shown that one of the grounds upon which the motion for a new trial was based and pressed was that the evidence was insufficient to justify the verdict.

The order granting the motion is in the following language: "The motion of the defendants in the above-entitled case for a new trial coming on regularly to be heard upon the bill of exceptions, the notice of intention to move for a new trial and the judgment-roll, and the motion having been made upon all the grounds specified in said notice of intention and duly argued and submitted, and the court having considered the same: the premises considered, it is ordered that the said motion for a new trial be and the same is hereby granted."

It will at once be observed that the order granting the new trial does not indicate the particular ground or grounds of the several set forth in the notice of intention upon which it was made, and it is the settled rule in California that where the trial court, in granting a motion for a new trial, does not expressly limit the order granting such motion to any particular ground of those stated, it is the duty of the appellate court to sustain it, if it can be upheld upon any ground embodied in the notice of intention. (*Kaufman* v. *Maier,* 94 Cal. 269, [18 L. R. A. 124, 29 Pac. 481]; *Newman Co.* v. *Lassing,* 141 Cal. 175, [74 Pac. 761]; *Bouchard* v. *Abrahamsen,* 4 Cal. App. 430, [88 Pac. 383]; *Briggs* v. *Hall,* 20 Cal. App. 372, [129 Pac. 288]; *Shea-Bocqueraz Co.* v. *Hartman,* 20 Cal. App. 534, [129 Pac. 807].)

There is in this case a pronounced conflict in the evidence upon the question of the value of the property sought to be condemned. Indeed, there is such a wide variance between the witnesses for the respective parties upon the question of value, that it may properly be assumed and, in fact, we are authorized to presume, in support of the order appealed from, that one of the reasons impelling the trial court to allow the motion for a new trial was that the evidence was insufficient to justify the verdict. We may dispose of the case upon this presumption, and, therefore, consideration of other grounds and points involving an attack upon certain rulings of the court may be waived.

It is a well-established rule that "the granting or denying a new trial on the ground that the evidence is insufficient to justify the verdict, where there is a substantial conflict in the evidence, rests so fully in the discretion of the trial court that

its action is conclusive upon this court unless it appears that there has been an abuse of discretion.'' (*Domico* v. *Casassa,* 101 Cal. 413, [35 Pac. 1024] ; *Warner* v. *Thomas etc. Works,* 105 Cal. 411, [38 Pac. 960] ; *Edinger* v. *Sigwart,* 13 Cal. App. 667, 676; see, also, *Bjorman* v. *Fort Bragg R. R. Co.,* 92 Cal. 500, [28 Pac. 591] ; *Cole* v. *Wilcox,* 99 Cal. 549, [34 Pac. 114] ; *Bledsoe* v. *Decrow,* 132 Cal. 312, [64 Pac. 397].)

We shall not undertake herein a detailed statement of the testimony upon the question of value. It is conceived to be sufficient to say: 1. That the witnesses for the defendants, having previously declared that they were familiar with the properties of the Erie Mining Company and were familiar with mining operations and the use and the methods of the impounding of water for power purposes, and the availability of the properties of the company for the development and use of water for such purposes, and that the mine itself contained large deposits of rich and paying gravel, expressed the opinion that the value of all said properties was from one hundred thousand dollars to one hundred and twenty-five thousand dollars for all the purposes to which they may properly and profitably be adapted; that the right of way sought by the plaintiff herein, if allowed, would completely destroy and render valueless all the properties of said Erie company and the defendants, and render them worthless for any practical mining or water power purpose, to which they are alone adapted. 2. That the witnesses for the plaintiff, having first shown themselves to be experts upon mining and kindred subjects, including the development and conservation of water for power purposes, and that they were familiar with the properties of the Erie company, and knew their value for any purpose to which they might with profit be put, testified that said properties were absolutely valueless for any purpose.

Thus it will be observed that, as stated, there is a wide diversity of opinion between the witnesses as to the value of the property sought to be taken. In fact, it has no value whatever, according to the plaintiff's witnesses. But, that it has some value, is evidenced by the verdict, and, although it is not so made to appear in the record, it is stated in the brief of counsel for the plaintiff that the jury viewed and inspected the property sought to be condemned. But, at all events, it was, as above pointed out, entirely within the discretion of the trial court, in considering the motion for a new

trial, to determine whether the verdict, in so far as it concerned the value of the property sought to be appropriated, was justified, or reasonably in accord with the evidence upon that question. The order granting the motion is evidence of the opinion of the court that the verdict as rendered was not, in respect of value, justified, and, as it cannot upon the record as we must view it justly be said that the court, in granting the motion on that ground, abused its discretion, it cannot be disturbed.

We have not, in considering this record, overlooked the analytical examination of the testimony presented by the defendants by counsel for the plaintiff in their briefs and their argument following therefrom against the reliability of said testimony. But this court cannot weigh the testimony of witnesses. This was, obviously, a matter entirely for the jury in the first instance, and then for the court when considering the motion for a new trial. The defendants appeared to have sufficiently qualified themselves to express opinions on the value of the property. This is all that this court need know, and whether the testimony given by them after so qualifying themselves was entitled to great or little or no weight, is a matter with which, as suggested, a reviewing court, in the very nature of the case, cannot concern itself. These observations apply as well to the argument that, since the only testimony in favor of the defendants upon the question of value was given by the defendants themselves, who were directly interested in the result of the trial, such testimony is not dependable. The defendants were competent to testify as witnesses in their own behalf, and whether they were influenced in their opinions on value by the fact that they were interested parties, was a matter entirely for the determination of the jury and the trial court.

The order appealed from is affirmed.

Chipman, P. J., and Burnett, J., concurred.