[Civ. No. 10742. Second Appellate District, Division One.—June 13, 1936.]

CLARA E. McLEOD, Respondent, v. J. F. McMAHON, Appellant.

Francis J. Gabel and John K. Ford for Appellant.

John Elliott Cook and Stanley N. Barnes for Respondent.

ROTH, J., *pro tem.*—On June 26, 1935, pursuant to a motion therefor, made on all grounds set up in the statute, section 657 of the Code of Civil Procedure, the trial court filed a "Memorandum *in re* Motion for New Trial" (hereinafter called "first order") which, after calling attention to a certain instruction which the court stated it was persuaded had "misdirected" the jury, and wherein there was a discussion of certain phases of the evidence, concluded as follows: "For this reason a new trial will be granted."

On the next day the trial court instructed the clerk to enter and there was entered a minute order (hereinafter called "second order"), as follows: "Motion by plaintiff for new trial heretofore submitted on June 14, 1935, is now by the Court granted upon the ground of the insufficiency of the evidence to justify the verdict and upon errors in law occurring at the trial and excepted to by the plaintiff. Memo *in re* motion filed."

■ Appellant appeals solely from the second order and his first contention on appeal is that the second order is void because the first order is the complete order of the court on the motion for a new trial, and that the second order is surplusage. The immediate, and it seems to us conclusive, response to this contention is that if appellant's assertion is sound, then his appeal is waste motion because even were we persuaded to reverse the second order appealed from, the first order would stand as *the* order since no appeal has been taken from the first order and the time within which one might have been taken has long since expired.

If appellant is correct in his contention that the first order is *the* order, then it would have been essential to have taken an appeal from the first order as well as from the second order. (*Robbins* v. *Jenkins*, 9 Cal. App. (2d) 580 [50 Pac. (2d) 826] ; *Gulf Mail S. S. Co.* v. *W. A. Hammond S. S. Co.,* 67 Cal. App. 420 [227 Pac. 938] ; and Id., 67 Cal. App. 424 [227 Pac. 940] ; *Livesay* v. *Deibert,* 3 Cal. App. (2d) 140 [39 Pac. (2d) 466].) ■ Assuming, further, that appellant is correct in his contention that the first order is *the* order, then an ambiguity was created in the first order by the second order, and it was appellant's duty to take appropriate proceedings in the trial court for an amendment or correction of the first order or the second order or both, so that an order could have been entered to speak the truth. From such a corrected order an appeal might have been taken which would have attacked the entire situation. (*Wutchumna Water Co.* v. *Superior Court,* 215 Cal. 734, 739 [12 Pac. (2d) 1033].) ■ On the merits, however, it is clear to us that the first order was never intended by the trial court to be *the* order, and in a situation such as that which exists in the case at bar, the intention of the trial court is decisive of the character of the first order. In the Wutchumna case, *supra*, the court says, at page 738: ''Whether remarks made at the conclusion of a hearing are a rendition of the court's decision, on the matter before it, or a mere announcement or memorandum of the decision which the court contemplates making by signed order, depends on the intention of the court. (14 Cal. Jur. 856; 1 Freeman on Judgments, p. 81.) ''

The record on appeal shows that the trial court instructed the clerk to enter the second order. This, in itself, is conclusive evidence that the trial judge did not consider the

first order to be the court's order. In addition, the second order on its face recites that a memo is filed, showing that the trial judge did not regard the memo as an order, but merely a memo advising counsel of the factual reasons which prompted the order. The trial judge knew what he intended to do and his intention as manifested in the second order is conclusive. (*Livesay* v. *Deibert, supra,* at p. 147.) ■ It has been consistently held in this state that an opinion filed with an order granting a motion for a new trial is not part of the order and that the order entered in the minutes of the court is the only order. (*Classen* v. *Thomas,* 164 Cal. 196 [128 Pac. 329]; *Weisser* v. *Southern Pacific Ry. Co.,* 148 Cal. 426 [83 Pac. 439, 7 Ann. Cas. 636]; *Bouchard* v. *Abrahamsen,* 4 Cal. App. 430 [88 Pac. 383]; *Newman* v. *Overland Pac. Ry. Co.,* 132 Cal. 73 [64 Pac. 110]; *Ben Lomond Wine Co.* v. *Sladky,* 141 Cal. 619, 621 [75 Pac. 332]; *Harnett* v. *Central Pac. R. R. Co.,* 78 Cal. 31, 33 [20 Pac. 154].) It is also an accepted proposition that a trial court's opinion is not part of the record on appeal. (*Manufacturers' Finance Corp.* v. *Pacific Wholesale Radio,* 130 Cal. App. 239 [19 Pac. (2d) 1013].) Because of these well-settled rules, appellant moved the court ''for a diminution of the record in order that the memorandum, so-called, dated June 26, 1935, might be included within the judgment roll''. It is clear, therefore, from an analysis of the first order and the second order, in the light of the circumstances under which and the manner in which they were made, that the trial judge intended the second order to be the only order.

■ The record shows a substantial conflict in the evidence which we find unnecessary to review, particularly in view of the fact that the first order affirmatively shows, in spite of its concluding language, that the trial judge specifically had in mind the state of the evidence. (*Gulf Mail S. S. Co.* v. *W. A. Hammond S. S. Co., supra,* at p. 423.) Said first order reads in part as follows: ''Furthermore, the defendant himself testified that for half a mile he saw the wagon load of hay and the plaintiff's Ford car. He knew that she was approaching the wagon and he knew that the wagon was going at such a slow pace that a reasonable person could not expect the plaintiff to remain behind the wagon. Also, when he was within seventy-five feet of plaintiff's car and he saw that she was pulling into the left-hand side of the road, he

must have been driving at a speed that was unreasonable for the width of the highway, the traffic, and the surface. If she pulled to the left when he was seventy-five feet from her and if he was going at a speed at which he could 'bring his car to a stop if necessary', then it was his negligence in not stopping that brought on the collision. Whatever appraisal may be put upon the fact of her turning into the left lane of travel, that act did not contribute to cause the collision. For this reason a new trial will be granted.''

The record affirmatively shows that there was not an abuse of discretion.

The order appealed from is therefore affirmed.

Houser, P. J., and York, J., concurred.